FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 8:58

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45236-7-II |
| Respondent, | |
| v. | |
| SYLVESTER TUGGLES, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Sylvester Tuggles appeals his jury trial convictions for first degree trafficking in stolen property,[1] third degree theft,[2] and witness tampering.[3] He argues that the trial court violated his right to a public trial under art. I, § 22 of the Washington State Constitution and the Sixth Amendment of the United States Constitution, as well as his right to be present at all critical stages of the proceedings when it held eight sidebars during his trial. Because Tuggles

---

[1] RCW 9A.82.050.

[2] RCW 9A.56.050.

[3] RCW 9A.72.120(1)(b).

fails to establish that any of these sidebars violated either his public trial rights or his right to be present, we affirm.

FACTS

The State charged Tuggles with first degree trafficking in stolen property and third degree theft, after he stole and pawned several items from his sister's home, and with a witness tampering charge based on several calls he made to his sister and brother-in-law. During the trial, the trial court held numerous, unrecorded sidebars outside of the hearing of the defendant, the jury, and the public. Tuggles challenges eight of these sidebars.

The first sidebar that Tuggles challenges addressed an evidentiary issue. Specifically, it addressed Tuggles's authentication objection to the admission of exhibit 5, a written letter allegedly from Tuggles to his sister. Following the sidebar, the trial court overruled the objection on the record. It also described the objection on the record more fully following a later sidebar.

During the second sidebar that Tuggles challenges, the State apparently informed the trial court that it was presenting a different witness from the pawn shop than it had previously intended to present; defense counsel also apparently requested a short recess. Following this sidebar, while the jury was absent, the trial court described this sidebar on the record and called a recess.

During the third sidebar that Tuggles challenges, the trial court and the parties had apparently attempted to discuss the "logistics" of playing portions of a recorded telephone call that originated from the jail, but the parties advised the trial court that they had not yet discussed this issue. Following this sidebar, the trial court advised the jury that the court was taking a 15-minute recess to allow the parties to discuss this issue.

During the fourth sidebar that Tuggles challenges, the parties and the trial court apparently discussed Tuggles's authentication objection to the admission of a recording of a jail telephone call. Following this sidebar, without specifying what the specific objection was, the trial court stated on the record that it had overruled an objection and had admitted the recording.

The fifth sidebar that Tuggles challenges apparently addressed scheduling issues. Following this sidebar, the trial court stated on the record that there were no more witnesses that day and excused the jury for the day. The trial court also discussed on the record the schedule for the following day.

The sixth sidebar that Tuggles challenges addressed a hearsay objection and a related limiting instruction.[4] Following this objection, the trial court advised the jury that it was admitting the relevant testimony for impeachment purposes only.

The seventh sidebar that Tuggles challenges apparently addressed whether Tuggles could refresh his memory from a recording of a call he had made from jail. Defense counsel did not want to explain the grounds for his objection before the jury. Following the sidebar, the trial court stated on the record that it had overruled the objection and that it would allow the State to play the recording.

The eighth and final sidebar that Tuggles challenges occurred immediately before Tuggles's closing argument at defense counsel's request. Following this sidebar, the trial court

---

[4] Tuggles argues that the trial court did not explain what this sidebar addressed on the record. But it is clear from the context that the parties and the trial court discussed the hearsay objection and/or a limiting instruction related to the hearsay testimony.

called a short recess; it did not explain why the recess was necessary or otherwise describe what had been discussed during the sidebar.

The jury found Tuggles guilty of first degree trafficking in stolen property, third degree theft, and witness tampering. Tuggles appeals.

## DISCUSSION

Tuggles argues that each of these eight closures violated his public trial rights because the trial court did not examine the *Bone-Club*[5] factors before engaging in the sidebars and that the same eight sidebars also violated his right to be present. We disagree.

## I. PUBLIC TRIAL

### A. APPLICABLE LAW AND STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution and art. I, § 22 of the Washington State Constitution guarantee a defendant the right to a public trial. *State v. Wise*, 176 Wn.2d 1, 9, 288 P.3d 1113 (2012). Generally, this right requires the trial court to hold certain proceedings in open court unless it first applies the five-factor *Bone-Club* test and determines that these factors support the courtroom closure. Whether a courtroom closure violated a defendant's right to a public trial is a question of law we review de novo. *Wise*, 176 Wn.2d at 9.

The threshold determination when addressing an alleged violation of the public trial right is whether the proceeding at issue implicates the defendant's public trial right. *State v. Sublett*, 176 Wn.2d 58, 71, 292 P.3d 715 (2012). "[N]ot every interaction between the court, counsel, and defendants will implicate the right to a public trial, or constitute a closure if closed to the public."

---

[5] *State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995).

*Sublett*, 176 Wn.2d at 71. The appellant has the burden of establishing an alleged public trial right violation. *See Sublett*, 176 Wn.2d at 75 (noting that the petitioner failed to establish a public trial violation); *State v. Wilson*, 174 Wn. App. 328, 346-47, 298 P.3d 148 (2013) (noting that the appellant had failed to establish that his public trial right was implicated).

To address whether there was a court closure implicating the public trial right, we first consider whether the particular proceeding at issue "falls within a category of proceedings that our Supreme Court has already acknowledged implicates a defendant's public trial right." *Wilson*, 174 Wn. App. at 337; *see also Wise*, 176 Wn.2d at 11. If the proceeding at issue does not fall within an acknowledged protected category, we determine whether the proceeding implicates the public trial right using the *Sublett* experience and logic test.[6] 176 Wn.2d at 73; *Wilson*, 174 Wn. App. at 335.

## B. SIDEBARS ADDRESSING ADMISSION OF EVIDENCE

We first turn to the four sidebars that addressed evidentiary issues. This includes the first, fourth, sixth, and seventh sidebars described above.

Our Supreme Court recently held in *State v. Smith*, 181 Wn.2d 508, 512, 518-19, 334 P.3d 1049 (2014), that sidebars addressing evidentiary matters do not implicate the defendant's public

---

[6] The experience and logic test requires us to consider (1) whether the process and place of a proceeding historically have been open to the press and general public (experience prong) and (2) whether access to the public plays a significant positive role in the functioning of the proceeding (logic prong). *Sublett*, 176 Wn.2d at 73. If the answer to both prongs is yes, then the defendant's public trial right "attaches" and a trial court must apply the *Bone-Club* factors before closing the proceeding to the public. *Sublett*, 176 Wn.2d at 73.

trial right.[7] Accordingly, under *Smith*, Tuggles fails to show that these four sidebars violated his right to public trial.

## C. ADMINISTRATIVE ISSUES

The next three sidebars that Tuggles challenges (the second, third, and fifth sidebars) addressed the substitution of a witness, the logistics of playing a recording for the jury and the need for a recess to allow the parties to address this issue, and scheduling issues. Tuggles fails to address whether sidebars addressing these types of issues fall within a category of proceedings that our courts have already acknowledged implicate his public trial right. Additionally, he has failed to argue that these types of sidebars implicate his public trial right under the *Sublett* experience and logic test. 176 Wn.2d at 73. Because it is Tuggles's burden to establish that these allegedly closed proceedings implicated his public trial right, *see Sublett*, 176 Wn.2d at 75, *Wilson*, 174 Wn. App. at 346-47, and he fails to present any argument relevant to that issue, we decline to further address these sidebars.

## D. UNIDENTIFIED ISSUES

Finally, we address the eighth sidebar that Tuggles challenges. All we know from the record is that following this sidebar, the trial court called a short recess; it did not explain why the recess was necessary or otherwise describe what had been discussed during the sidebar.

Because the record is unclear as to what happened during this sidebar and the resolution of this issue relies on facts outside the record, we cannot address this issue on direct appeal. *State v.*

---

[7] The briefing in this appeal does not address *Smith* because the briefing was filed before our Supreme Court issued *Smith*. Neither party has moved to file supplemental briefing addressing *Smith*.

*Koss*, 181 Wn.2d 493, 502-03, 334 P.3d 1042 (2014); *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Thus, on the record before us, Tuggles has not established that a public trial right violation occurred in regard to this sidebar.

## II. RIGHT TO BE PRESENT

Tuggles next argues that the same eight sidebars violated his right to be present at critical stages of the proceedings because the sidebars were held outside of his hearing.[8] We disagree.

We review whether a defendant's constitutional right to be present has been violated de novo. *State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011). "A criminal defendant has a fundamental right to be present at all critical stages of a trial." *Irby*, 170 Wn.2d at 880 (citing *Rushen v. Spain*, 464 U.S. 114, 117, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983)). This right exists when a defendant's "'presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" *Irby*, 170 Wn.2d at 881 (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *overruled in part on other grounds sub nom. Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964).

But "because the relationship between the defendant's presence and his 'opportunity to defend' must be 'reasonably substantial,' a defendant does not have a right to be present when his or her 'presence would be useless, or the benefit but a shadow.'" *Irby*, 170 Wn.2d at 881 (quoting *Snyder*, 291 U.S. at 106-07). For instance, a defendant does not have the right to be present during an in-chambers conference between the court and counsel on legal or ministerial matters, at least to the extent these matters do not require a resolution of disputed facts. *In re Pers. Restraint of*

---

[8] Although Tuggles does not expressly identify this issue in his assignment of error, we reach this issue because it is part of Tuggles's Sixth Amendment rights, which he identifies in his assignment of error, and he presents argument directly related to this issue.

No. 45236-7-II

*Pirtle*, 136 Wn.2d 467, 484, 965 P.2d 593 (1998); *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 306, 868 P.2d 835 (1994).

As to the eighth sidebar that Tuggles challenges, as we noted above, the record does not show what was addressed during this sidebar. Thus, we decline to address whether Tuggles was denied his right to be present during this sidebar. *McFarland*, 127 Wn.2d at 335.

As to the remaining seven sidebars, all of these sidebars involved matters that were either legal (evidentiary objections) or ministerial (scheduling, how to present evidence, the substitution of a witness). Even assuming, but not deciding, that a sidebar could violate a defendant's right to be present, Tuggles does not show that these sidebars were critical stages of the proceedings. Accordingly, this argument fails.

Because Tuggles has failed to establish a public trial right violation or a violation of his right to be present, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

MAXA, J.

LEE, J,

8