FILED
COURT OF APPEALS
DIVISION II

2015 JUL 28 AM 8: 26

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46363-6-II |
| Respondent, | |
| v. | |
| JOHN ANTHONY CHACON II, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — John Anthony Chacon II appeals his convictions of malicious harassment, assault in the fourth degree, and burglary in the second degree, arguing that the charging document was constitutionally deficient, that one of the trial court's preliminary instructions to the jury was erroneous, and that the trial court's imposition of attorney fees as part of his legal financial obligations (LFOs) violated his Sixth Amendment rights. We hold that the charging document sets forth the essential elements of Chacon's offenses, that the trial court's preliminary instruction did not amount to constitutional error, and that Chacon waived the right to challenge his LFOs by not objecting to them during sentencing. We affirm the convictions and sentence.

## FACTS

On March 7, 2014, Chacon entered a Centralia coffee shop where Tessa Alberts worked. He ordered milk and a biscotti from her. The interaction between Alberts and Chacon was cordial; they have mutual friends in common. Chacon took his order and walked to the back of the shop.

Several months earlier, shop owner Justin Page had told Chacon to leave the coffee shop and never return. When Page saw Chacon on March 7, he told Chacon to leave immediately. After Chacon requested a to-go cup for his milk, Page walked up to the counter to get the cup and Chacon followed. When Chacon received the cup, his demeanor changed. He said something and threw

a crumpled piece of paper that hit Alberts in the chest. Chacon's behavior shocked the customers in line.

Alberts picked up the paper and opened it. It showed a photograph of a dead African American man hanging by a noose. Alberts, the only person of color in the shop at the time, was stunned and upset.

The State charged Chacon, by second amended information, with malicious harassment, assault in the fourth degree, and burglary in the second degree. The information described the harassment and assault charges as follows:

## Count I
## MALICIOUS HARASSMENT

On or about the 7th day of March, 2014, in the County of Lewis, State of Washington, the above-named defendant, because of his or her perception of a person's race, color, religion, ancestry, national origin, gender, sexual orientation, or mental, physical, or sensory handicap, did maliciously and intentionally (1) cause physical injury to that person or another person, and/or (3) threaten a specific person or group of persons, and place that person or members of the specific group of persons in reasonable fear of harm to person or property, and made the threat in a context, or under such circumstances, wherein a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to carry out the threat; contrary to the Revised Code of Washington 9A.36.080.

. . . .

## Count II
## ASSAULT IN THE FOURTH DEGREE

On or about March 7, 2014, in the County of Lewis, State of Washington, the above-named defendant did intentionally assault another person; contrary to Revised Code of Washington 9A.36.041(1).

Clerk's Papers (CP) at 3.

After swearing in the jury, the trial court gave some oral preliminary instructions that began with these statements:

2

> First, don't jump to conclusions. By definition there are at least two sides to every case. Listen carefully to all the evidence before starting to draw your conclusions.

Report of Proceedings at 11. The court provided several additional instructions, some of which explained the presumption of innocence, the State's burden of proving the elements of each crime beyond a reasonable doubt, and the definition of reasonable doubt. The court also informed the jury that Chacon was not required to introduce evidence.

Alberts and Page testified to the facts set forth above, and Chacon testified that he had never been told he could not return to the coffee shop. Chacon admitted that he became upset when Page told him to leave and that he thought he was being discriminated against because he was homeless. Chacon added that he took a picture he had found elsewhere and threw it at Alberts because he wanted to show her what discrimination looks like.

The jury found Chacon guilty as charged, and the trial court imposed a sentence of 13 months as well as LFOs that included $1,800 in attorney fees. Chacon appeals his convictions and his LFOs.

## ANALYSIS

I.   CHARGING DOCUMENT

Chacon contends that his charging document was constitutionally deficient because it failed to include critical facts; specifically, the name of the malicious harassment victim and the assault victim. We review this challenge de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).

An information must contain all essential elements of a crime to give the accused proper notice of the crime charged so that he can prepare an adequate defense. *Williams*, 162 Wn.2d at 183; *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). To satisfy this requirement, the

information must allege every element of the charged offense and the facts supporting the elements. *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010).

We distinguish between charging documents that are constitutionally deficient and those that are merely vague. *State v. Leach*, 113 Wn.2d 679, 686-87, 782 P.2d 552 (1989). A constitutionally deficient information is subject to dismissal for failure to state an offense by omitting allegations of the essential elements constituting the offense charged. *Leach*, 113 Wn.2d at 686-87. An information that states each statutory element of a crime, but is vague as to some other matter, may be corrected under a bill of particulars. *Leach*, 113 Wn.2d at 687. A defendant may not challenge an information for vagueness on appeal if he did not request a bill of particulars at trial. *Leach*, 113 Wn.2d at 687.

When a charging document is challenged for the first time on appeal, as it is here, we must construe it liberally in favor of its validity. *Kjorsvik*, 117 Wn.2d at 105. In applying this liberal construction standard, we read the words in the charging document as a whole and consider whether the necessary facts appear in any form. *Williams*, 162 Wn.2d at 185; *Kjorsvik*, 117 Wn.2d at 109. If they do, we consider whether the defendant was "'nonetheless actually prejudiced by the inartful language which caused a lack of notice.'" *Williams*, 162 Wn.2d at 185 (quoting *Kjorsvik*, 117 Wn.2d at 105-06).

An information may rely on the language of a statute if the statute defines the offense with certainty. *Leach*, 113 Wn.2d at 686. There is no additional requirement that the State allege facts beyond those that support the elements or that the State describe the facts with great specificity. *State v. Winings*, 126 Wn. App. 75, 85, 107 P.3d 141 (2005).

The information in this case charged in the language of the malicious harassment and assault statutes. It alleged that on or about March 7, 2014, Chacon acted because of his perception

4

"of a person's race [or] color," and threatened "a specific person or group of persons." CP at 2; RCW 9A.36.080. It alleged further that Chacon "did intentionally assault another person." CP at 3; RCW 9A.36.041(1). This language sufficiently apprised Chacon of the elements of the charged crimes and the conduct that constituted those crimes.

Chacon complains that the failure to identify the specific victim of the malicious harassment and the assault rendered the information vague and indefinite. But criminal statutes that protect a particular class of persons do not require that the particular victim be named. *See City of Seattle v. Termain*, 124 Wn. App. 798, 805, 103 P.3d 209 (2004) (because violation of no-contact order is committed only by contact with particular person or location, such facts must be included in information). None of the statutes under which Chacon was charged requires a specific victim. Accordingly, if he did not know who the victim was, Chacon could have requested a bill of particulars. *See State v. Plano*, 67 Wn. App. 674, 678-80, 838 P.2d 1145 (1992) (name of assault victim was not essential element and could have been provided by bill of particulars).

Having found that the information contained all of the essential elements, we would normally proceed to the second prong of the *Kjorsvik* test to ask whether vague or inartful language prejudiced the defendant. 117 Wn.2d at 106. But Chacon has not argued that he was actually prejudiced. Because Chacon's information included all essential elements, we need not address this prong. *See Termain*, 124 Wn. App. at 803 (if charging document fails essential elements test, prejudice test is not reached). The information provided Chacon sufficient notice of the charged offenses and his allegation of vagueness is waived.

II.    PRELIMINARY JURY INSTRUCTION

Chacon next challenges the trial court's preliminary instruction to the jury that "[b]y definition there are at least two sides to every case." RP at 11. Chacon argues that with this

statement, the trial court infringed on his due process right to a fair trial by leading the jury to expect something from the defense and subtly shifting the burden of proof. Chacon did not object to this instruction during trial but argues that he may challenge it for the first time on appeal because the instruction constitutes manifest constitutional error. RAP 2.5(a).

We generally will not consider an issue that the defendant did not raise in the trial court. RAP 2.5(a); *State v. O'Hara*, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). An exception to this rule exists for manifest errors that affect a constitutional right. RAP 2.5(a)(3). To fall within this exception, the defendant must identify a constitutional error and show how the alleged error actually affected his or her rights at trial. *State v. Kirkman*, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007). After determining that the error is of constitutional magnitude, we must determine whether it is manifest. *O'Hara*, 167 Wn.2d at 99. "Manifest" under RAP 2.5(a)(3) requires a showing of actual prejudice unless structural error occurred. *State v. Koss*, 181 Wn.2d 493, 503 n.6, 334 P.3d 1042 (2014).

Our Supreme Court recently examined whether a different preliminary instruction constituted manifest constitutional error. *State v. Kalebaugh*, ___ P.3d ___, 2015 WL 4136540. At issue was a preliminary oral instruction that added language to the standard instruction on reasonable doubt. *Kalebaugh*, 2015 WL 4136540, *3 (citing 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008) (WPIC)). The *Kalebaugh* court held that because the trial court misstated the law regarding reasonable doubt, it would review the instruction under a manifest constitutional error standard. 2015 WL 4136540, *3. The court ultimately held, however, that the error was harmless. *Kalebaugh*, 2015 WL 4136540, *3.

The oral instruction challenged here does not compare to the instruction at issue in *Kalebaugh*. The trial court's initial statement that there are two sides to every case was simply part of the court's general directive to the jury to keep an open mind. Moreover, it was followed by oral and written instructions that accurately conveyed the State's burden of proof and the definition of reasonable doubt. The court also informed the jury that Chacon was not required to introduce any evidence and had no burden of proving that a reasonable doubt existed.

When viewed as a whole, the trial court's instructions accurately informed the jury of the standards that governed its determinations. *See State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007) (we review instructions as a whole in determining whether the court accurately informed the jury of the applicable law). We see nothing in the challenged preliminary instruction that triggers a claim of constitutional error and consider this issue waived.

III.    LEGAL FINANCIAL OBLIGATIONS

Finally, Chacon argues that the trial court violated his Sixth Amendment right to the assistance of counsel by ordering him to pay attorney fees without inquiring into his ability to pay. Chacon did not challenge the assessment of these fees or any of his other LFOs during sentencing but argues that he may do so for the first time on appeal.

Chacon's judgment and sentence states that the trial court considered his ability to pay the LFOs imposed. Chacon did not challenge this language or his LFOs during sentencing, so he may not do so on appeal. *State v. Lyle*, ___ P.3d ___, 2015 WL 4156773, at *1 (citing *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492 (2013), *remanded*, 182 Wn.2d 827, 344 P.3d 680 (2015) (affirming Court of Appeals' exercise of discretion to refuse to address issue raised for the first time on appeal, but exercising its own discretion to reach the issue and remand to trial court for further proceedings). Our decision in *Blazina*, issued before Chacon's sentencing, provided notice

that the failure to object to LFOs during sentencing waives a related claim of error on appeal. 174 Wn. App. at 911. As our supreme court noted, an appellate court may use its discretion to reach unpreserved claims of error. *Blazina*, 182 Wn.2d at 830. We decline to exercise such discretion here, noting that our Supreme Court has rejected the claim of constitutional error that Chacon attempts to raise. *State v. Blank*, 131 Wn.2d 230, 239-42, 930 P.2d 1213 (1997).

We affirm the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

I concur:

Johanson, C.J.

BJORGEN, J. (concurring) — For the reasons set out in my dissent in *State v. Lyle*, ___ P.3d ___, No. 46101-3-II, 2015 WL 4156773 (Wash. Ct. App. July 10, 2015), I would reach John Chacon's legal financial obligations' challenge, even though he did not raise it during sentencing. However, the majority in *Lyle*, a published decision, reached a contrary conclusion. *Lyle*, ___ P.3d ___, No. 46101-3-II, 2015 WL 4156773 (Wash. Ct. App. July 10, 2015). Unless *Lyle* is overturned or its bases questioned by subsequent case law, I shall observe its result under principles of stare decisis. Therefore, I concur in this decision with the reservation here expressed.

BJORGEN, J.