IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34605-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KYLE JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Kyle Johnson appeals his guilty pleas and convictions pertaining to two counts of custodial assault. We decline review of his claims under the doctrine of res judicata and RAP 2.5.

BACKGROUND

Mr. Johnson's assault convictions arose from an incident that occurred on December 17, 1988. Trial was scheduled for October 9, 1989; however, after June 26, 1989, Mr. Johnson was charged with aggravated murder. *State v. Johnson*, noted at 66 Wn. App. 1044, slip op. at 1 (1992). On October 9, 1989, the State and Mr. Johnson entered into a plea agreement. The agreement provided Mr. Johnson's standard sentence range was 0-12 months based on an offender score of 0. It also provided:

> In consideration of defendant entering guilty pleas . . . plaintiff agrees to make no evidentiary use of these convictions in its case in chief under cause number 89-1-00050-6 in which the defendant is charged with aggravated murder in the first degree; however, plaintiff reserves any evidentiary use of these convictions permitted by the rules of evidence or other authority for impeachment, rebuttal, or sentencing in this or any other cause, including the defendant's above referenced prosecution for aggravated murder in the first degree.

*Johnson*, slip op. at 1-2 (alteration in original). During the plea hearing, the judge told Mr. Johnson, "There is no right to appeal from the plea of guilty," to which Mr. Johnson responded "Yes." Clerk's Papers at 30. The trial court accepted Mr. Johnson's guilty plea and deferred sentencing until after the aggravated murder trial.

Prior to sentencing, Mr. Johnson moved to withdraw his guilty plea. Mr. Johnson claimed that when he pleaded guilty he failed to understand how his plea could be used against him in his upcoming murder trial. The trial court denied Mr. Johnson's motion and reserved its ruling on the admissibility and use by the State of the assault convictions in the murder trial under ER 404 or ER 609.

On June 8, 1990, Mr. Johnson appealed the trial court's decision to this court. During the pendency of the appeal, Mr. Johnson pleaded guilty to the pending murder charge and the trial court conducted a combined sentencing hearing for Mr. Johnson's assault and murder convictions.

2

At Mr. Johnson's sentencing hearing, the State represented that Mr. Johnson's "standard range would be three to eight months." Report of Proceedings (June 28, 1990) at 6. The trial court accepted this and sentenced Mr. Johnson to 150 days for each count, to run concurrently with his aggravated murder sentence, based on an offender score of one and the range being three to eight months. The court did not impose a term of community custody.

Mr. Johnson did not appeal the judgment and sentence subsequent to his sentencing hearing. However, the appeal regarding the order denying Mr. Johnson's motion to withdraw his guilty plea remained pending and a decision was filed by this court on July 21, 1992. In that appeal, Mr. Johnson argued: (1) he did not understand how his guilty plea on the assault charges could be used against him at the murder trial, and (2) the State's illusory or deceptive promise induced him into entering the plea. *Johnson*, slip op. at 2-4. Our court denied Mr. Johnson's claim for relief, finding the State's plea agreement promise was neither illusory nor deceptive. *Id*. at 5. The upshot of our court's decision was that Mr. Johnson had not shown his plea was involuntary.

On April 22, 2016, Mr. Johnson filed a notice of appeal of his 1990 judgment and sentence. Our court commissioner granted his motion to extend the time to appeal because Mr. Johnson was affirmatively misadvised in 1989 of his right to appeal the

No. 34605-6-III
*State v. Johnson*

guilty plea. Commissioner's Ruling, *State v. Johnson*, No. 34605-6-III (Wash. Ct. App.

Dec. 13, 2016).

ANALYSIS

Mr. Johnson argues his assault convictions should be reversed because his guilty

plea was involuntary and his arraignment was not conducted in open court. The first

claim is barred by stare decisis. The second claim fails as it was unpreserved at trial and

Mr. Johnson has not established a basis for review under RAP 2.5(a)(3).

*Guilty plea challenge and res judicata*

The doctrine of res judicata applies in criminal cases. *State v. Dupard*, 93 Wn.2d

268, 273, 609 P.2d 961 (1980) (citing *State v. Peele*, 75 Wn.2d 28, 30, 448 P.2d 923

(1968)). It serves to prevent relitigation of already determined causes, curtail multiplicity

of actions, prevent harassment in the courts and inconvenience to the litigants, and

promote judicial economy and judicial finality. *Dupard*, 93 Wn.2d at 272. Res judicata

occurs when a prior judgment has a concurrence of identity with respect to the subject

matter, cause of action, persons and parties, and the quality of the persons for or against

whom the claim is made. *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983)

(citing *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225, 588 P.2d 725 (1978)).

4

Mr. Johnson previously appealed his guilty plea to this court, arguing it was

involuntary. At the time of his previous appeal, Mr. Johnson had access to all the

information he now claims compels a decision in his favor. Our court considered Mr.

Johnson's claims on the merits back in 1992 and ultimately ruled Mr. Johnson had failed

to show his plea was involuntary. The voluntariness of Mr. Johnson's plea therefore must

be considered the law of the case. RAP 12.2. Mr. Johnson has not demonstrated the

interests of justice would be served by reopening our prior decision.

*Courtroom closure*

Apart from the attack on his guilty plea, Mr. Johnson claims his convictions are

invalid because arraignment did not occur in open court. This is an issue that was not

raised in the prior appeal. Nor was it raised with the trial court. It therefore will be

reviewed on appeal only if Mr. Johnson can show a manifest error implicating the

constitutional right to a public trial. RAP 2.5(a)(3).

The manifest error standard requires the trial record be sufficient to fully analyze

the defendant's claims. *State v. Koss*, 181 Wn.2d 493, 502-03, 334 P.3d 1042 (2014).

We recognize that, beyond the docket entries, it appears there is no longer a record of the

arraignment available for transmittal by the trial court. However, Mr. Johnson has not

submitted any other record supporting his claim that the arraignment did not occur in

5

No. 34605-6-III
*State v. Johnson*

open court. *Id.* at 503-04. We will not excuse his failure to do so. *Id.* at 503 (An "appellant bears the responsibility to provide a record showing that such a closure occurred in the first place."). Given this state of the record, *id.* at 501-02, we decline review of Mr. Johnson's courtroom closure claim under RAP 2.5.

## CONCLUSION

Mr. Johnson's judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____         _____
Korsmo, J.                               Siddoway, J.

6