906 P.2d 325 (1995)
128 Wash.2d 254
The STATE of Washington, Respondent,
v.
Joseph BONE-CLUB, Petitioner.
No. 62844-1.
Supreme Court of Washington, En Banc.
November 30, 1995.
*326 Rita J. Griffith, Attorney at Law, Andrew P. Zinner, Attorney at Law, Nielsen & Acosta, Eric Nielsen, Seattle, WA, for petitioner.
David S. McEachran, Whatcom County Prosecutor, Laura D. Hayes, Deputy, Bellingham, WA, for respondent State.
DOLLIVER, Judge.
This case presents a matter of first impression regarding a trial court's responsibility to protect a defendant's right to a public trial under article I, section 22 of the Washington Constitution in the face of the State's motion for full closure of a criminal hearing. We hold a trial court must apply the closure test previously articulated by this court in Allied Daily Newspapers v. Eikenberry, 121 Wash.2d 205, 210, 848 P.2d 1258 (1993) and related cases. By failing to engage in this case-by-case weighing of the competing interests before ordering the temporary, full closure of a pretrial suppression hearing, the trial court here violated Defendant's public trial right. The case is reversed and remanded for a new trial.
In 1991, Whatcom County charged Defendant Joseph Bone-Club with six violations of the Uniform Controlled Substances Act (RCW 69.50) for possession with intent to deliver cocaine and delivery of cocaine. On January 9, 1992, the trial court held a pretrial suppression hearing to decide the admissibility of Defendant's statements to police. During those proceedings, the court ordered closure of the hearing solely on the basis of the following exchange with the State:
[THE STATE]: Before the testimony of the next witness the State would request that the courtroom be cleared.
THE COURT: All right. All those sitting in the back, would you please excuse yourselves at this time.
(The courtroom was cleared.)
*327 Report of Proceedings at 32 (Jan. 9, 1992). The court neither sought nor received an objection or assent from Defendant on the record. After the courtroom was cleared, Detective Frakes, an undercover police officer, testified he feared public testimony would compromise his undercover activities. The trial court denied Defendant's motion to suppress his statement to Frakes, while granting a motion to suppress a statement to another police officer. Frakes later testified at trial in open court. A jury found Defendant guilty as charged, and the court of appeals affirmed. State v. Boneclub, 76 Wash.App. 872, 888 P.2d 759 (1995).
Defendant claims the temporary, full closure of his pretrial suppression hearing during the testimony of the undercover police officer violated his right to a "speedy public trial" as guaranteed by article I, section 22 of the Washington Constitution. As an initial matter, we acknowledge the public trial right extends to a pretrial suppression hearing. See Waller v. Georgia, 467 U.S. 39, 47, 104 S.Ct. 2210, 2216, 81 L.Ed.2d 31 (1984); Federated Publications, Inc. v. Kurtz, 94 Wash.2d 51, 59-60, 615 P.2d 440 (1980). We also note Defendant's failure to object contemporaneously did not effect a waiver. State v. Marsh, 126 Wash. 142, 146-47, 217 P. 705 (1923).
Although the court has recognized in three cases the potential for a conflict between the State's request for a closed hearing and a defendant's public trial right, the facts of those cases have not necessitated the articulation of a section 22 standard. See State v. Collins, 50 Wash.2d 740, 314 P.2d 660 (1957); State v. Gaines, 144 Wash. 446, 258 P. 508 (1927); Marsh, 126 Wash. at 142, 217 P. 705. In the earliest public trial right case, the Marsh court decided on statutory grounds an adult defendant's challenge to his closed juvenile court hearing, holding the Legislature granted juvenile courts jurisdiction to close hearings only for minor defendants, not adults. Marsh, 126 Wash. at 144, 217 P. 705. In Gaines, the court decided a trial court's stated intention to close a hearing did not threaten the defendant's public trial right where no closure actually ensued. Gaines, 144 Wash. at 462-63, 258 P. 508. Finally, where a trial court ordered the courtroom doors locked while allowing a reasonable number of spectators to remain, the Collins court held a partially closed hearing did not rise to the level of a constitutional violation. Collins, 50 Wash.2d at 747, 314 P.2d 660; accord, United States v. Sherlock, 962 F.2d 1349, 1357 (9th Cir.1989), cert. denied sub nom. Charley v. United States, ___ U.S. ___, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992); Walker v. Dalsheim, 1988 WL 70599, at *2 (E.D.N.Y.1988) (holding partial closure did not violate defendant's Sixth Amendment public trial right).
In contrast to the lack of precedent addressing the section 22 right, this court has developed a strict, well-defined standard for closing a hearing in opposition to the public's right to open proceedings under article I, section 10 of the Washington Constitution. See Eikenberry, 121 Wash.2d at 210, 848 P.2d 1258; Seattle Times Co. v. Ishikawa, 97 Wash.2d 30, 36, 640 P.2d 716 (1982); Kurtz, 94 Wash.2d at 60, 615 P.2d 440. This series of section 10 cases, where media challenged closure of a hearing or court records, conceded the public's right to open proceedings is not absolute, but emphasized the high order of that constitutional protection mandated a trial court limit closure to rare circumstances. Eikenberry, 121 Wash.2d at 210, 848 P.2d 1258; Ishikawa, 97 Wash.2d at 36, 640 P.2d 716; Kurtz, 94 Wash.2d at 60, 615 P.2d 440. To assure careful, case-by-case analysis of a closure motion, the trial court must perform a weighing test consisting of five criteria:
1. The proponent of closure or sealing must make some showing [of a compelling interest], and where that need is based on a right other than an accused's right to a fair trial, the proponent must show a "serious and imminent threat" to that right.
2. Anyone present when the closure motion is made must be given an opportunity to object to the closure.
3. The proposed method for curtailing open access must be the least restrictive means available for protecting the threatened interests.

*328 4. The court must weigh the competing interests of the proponent of closure and the public.
5. The order must be no broader in its application or duration than necessary to serve its purpose.
Eikenberry, 121 Wash.2d at 210-11, 848 P.2d 1258; see also Ishikawa, 97 Wash.2d at 36-39, 640 P.2d 716; Kurtz, 94 Wash.2d at 62-65, 615 P.2d 440.
The section 10 guaranty of public access to proceedings and the section 22 public trial right serve complementary and interdependent functions in assuring the fairness of our judicial system. In particular, the public trial right operates as an essential cog in the constitutional design of fair trial safeguards. We echo the sentiments of the United States Supreme Court:
"The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions...."
In re Oliver, 333 U.S. 257, 270 n. 25, 68 S.Ct. 499, 506 n. 25, 92 L.Ed. 682 (1948) (quoting Thomas M. Cooley, Constitutional Limitations 647 (8th ed. 1927)). Although the public trial right may not be absolute, protection of this basic constitutional right clearly calls for a trial court to resist a closure motion except under the most unusual circumstances. We hold the five criteria a trial court must obey to protect the public's right of access before granting a motion to close are likewise mandated to protect a defendant's right to public trial.
Our decision to employ the same closure standard for both the section 10 and section 22 rights mirrors the United States Supreme Court's decision in Waller v. Georgia, 467 U.S. 39, 47, 104 S.Ct. 2210, 2215-16, 81 L.Ed.2d 31 (1984). Faced with a defendant's challenge to a closure order under the Sixth Amendment public trial right, the Waller Court imported its standard from closure cases brought under the First Amendment's protection of public access to trials. Waller, 467 U.S. at 46-47, 104 S.Ct. at 2215-16.
"The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."
Waller, 467 U.S. at 45, 104 S.Ct. at 2215 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984)). Examining the full closure of a pretrial suppression hearing ordered to prevent disclosure of evidence derived from wiretaps, Waller held the trial court violated a defendant's public trial right by failing to find a sufficiently specific interest, consider alternatives, or narrowly tailor the closure order. Waller, 467 U.S. at 48-49, 104 S.Ct. at 2216-17. We find the Court's interpretation of the like constitutional public trial provisions persuasive. See City of Pasco v. Mace, 98 Wash.2d 87, 96, 653 P.2d 618 (1982).
We reject Defendant's contentions that the section 10 closure standard falls short of the Sixth Amendment on two of Waller's directions to the trial court: to consider alternatives to closure and to enter findings. See Waller, 467 U.S. at 45, 104 S.Ct. at 2214-15. The Washington Constitution provides at minimum the same protection of a defendant's fair trial rights as the Sixth Amendment. Kurtz, 94 Wash.2d at 60, 615 P.2d 440. By explicitly ordering the trial court choose the least restrictive means, the section 10 test meets Waller's directive to consider alternatives. See Eikenberry, 121 Wash.2d at 210-11, 848 P.2d 1258. Likewise, this court has indicated a trial court's weighing of the competing interests should include entering specific findings. Ishikawa, 97 Wash.2d at 37, 640 P.2d 716.
Certainly, the present case illustrates the desirability of trial court findings to support closure: the record lacks any hint the trial court considered Defendant's public trial right, much less engaged in the detailed review required to protect that right. Nor is the Court of Appeals' post hoc determination *329 sufficient to cure the trial court's deficiency. See Waller, 467 U.S. at 49 n. 8, 104 S.Ct. at 2217 n. 8. The Court of Appeals justified closure by identifying a compelling interest in Frakes' testimony, presented after the trial court cleared the courtroom, that a public hearing would threaten "any" undercover officer. Boneclub, 76 Wash.App. at 876, 888 P.2d 759. We immediately question the characterization of this generalized evidence as a compelling interest: only evidence of a particularized threat would likely justify encroachment into a defendant's constitutionally guaranteed fair trial rights. See Waller, 467 U.S. at 48, 104 S.Ct. at 2216-17; Ishikawa, 97 Wash.2d at 37, 640 P.2d 716; see also Jones v. Henderson, 683 F.Supp. 917, 920 (E.D.N.Y.1988). Regardless, determination of a compelling interest was the affirmative duty of the trial court, not the court of appeals. See Ishikawa, 97 Wash.2d at 45, 640 P.2d 716. Moreover, the existence of a compelling interest would not necessarily permit closure: the trial court must then perform the remaining four steps to weigh thoroughly the competing interests. Eikenberry, 121 Wash.2d at 212, 848 P.2d 1258.
We also dismiss the State's argument that Defendant's failure to object freed the trial court from the strictures of the closure requirements. To the contrary, this court has held an opportunity to object holds no "practical meaning" unless the court informs potential objectors of the nature of the asserted interests. Ishikawa, 97 Wash.2d at 39, 640 P.2d 716. The motion to close, not Defendant's objection, triggered the trial court's duty to perform the weighing procedure. The summary closure thus deprived Defendant of a meaningful opportunity to object. See Ishikawa, 97 Wash.2d at 39, 640 P.2d 716.
Lacking a trial court record showing any consideration of Defendant's public trial right, we cannot determine whether closure was warranted. We hold the trial court's failure to follow the five-step closure test enunciated in this court's section 10 cases violated Defendant's right to a public trial under section 22.
We remand for a new trial. Prejudice is presumed where a violation of the public trial right occurs. State v. Marsh, 126 Wash. 142, 146-47, 217 P. 705 (1923); accord, Waller, 467 U.S. at 49 & n. 9, 104 S.Ct. at 2217 & n. 9. The State proposes a new suppression hearing rather than a new trial as the appropriate remedy, relying on the outcome in Waller:
[T]he remedy should be appropriate to the violation. If, after a new suppression hearing, essentially the same evidence is suppressed, a new trial presumably would be a windfall for the defendant, and not in the public interest.
Waller, 467 U.S. at 50, 104 S.Ct. at 2217. Notwithstanding, we are persuaded by Defendant's argument that the nature of Frakes' testimony may differ in an open hearing from that presented in closed court. Even if the new suppression hearing again results in the admission of Frakes' testimony, Defendant should have the opportunity to use any such variances in testimony for impeachment purposes in a new trial.
DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.