[No. 28885-4-III.    Division Three.    January 11, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMUEL JOEL CASTRO, *Appellant*.

*Eric J. Nielsen* and *David B. Koch* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Gregory L. Zempel, Prosecuting Attorney*, and *Laura C. Hooper* and *David K. Barrett, Deputies*, for respondent.

¶1 BROWN, J. — Samuel J. Castro appeals his conviction for possessing a controlled substance: cocaine. He contends his constitutional right to a public trial was violated when the court decided pretrial motions on legal matters in chambers and later put them on the record in open court with an invitation to counsel to object. Because the procedure did not implicate Mr. Castro's public trial rights, we affirm.

## FACTS

¶2 Samuel J. Castro was charged with one count of possession of a controlled substance: cocaine. Before trial, defense counsel moved in limine to (1) exclude witnesses from the trial proceedings, (2) preclude the State from calling any witnesses not previously disclosed, (3) preclude the State from impeaching Mr. Castro under ER 609 with his prior criminal history, and (4) have all prosecution witnesses avoid hearsay and improper opinions. On the first day of trial, the judge held a meeting with counsel in his chambers. In addition to a general discussion of the case

and the voir dire process, the judge decided the defense motions in limine. The court ruled in Mr. Castro's favor on all four motions. Later, the court placed its rulings on the record in open court and entertained any objections to them. Mr. Castro did not object.

¶3 The jury found Mr. Castro guilty. Mr. Castro appealed.

## ANALYSIS

¶4 The issue is whether the trial court violated Mr. Castro's public trial right when deciding his motions in limine in chambers and later placing them on the record in open court with the invitation to counsel to make objections. Mr. Castro contends hearing motions in limine without first analyzing the *Bone-Club* factors is "structural error" warranting reversal. *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995).

¶5 Whether the right to a public trial has been violated is a question of law subject to de novo review. *Id.* at 256.

¶6 The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a . . . public trial." Similarly, article I, section 22 of the Washington Constitution guarantees, "In criminal prosecutions the accused shall have the right . . . to have a . . . public trial." The Washington Constitution provides in article I, section 10 that "[j]ustice in all cases shall be administered openly." The public trial right is not absolute; it is strictly guarded to assure proceedings occur outside the public courtroom only in the most unusual circumstances. *State v. Momah*, 167 Wn.2d 140, 148, 217 P.3d 321 (2009); *State v. Strode*, 167 Wn.2d 222, 226, 217 P.3d 310 (2009) (citing *State v. Easterling*, 157 Wn.2d 167, 174-75, 137 P.3d 825 (2006)).

¶7 The *Bone-Club* factors considered before closure are:

"1. The proponent of closure or sealing must make some showing [of a compelling interest], and where that need is

based on a right other than an accused's right to a fair trial, the proponent must show a 'serious and imminent threat' to that right.

"2. Anyone present when the closure motion is made must be given an opportunity to object to the closure.

"3. The proposed method for curtailing open access must be the least restrictive means available for protecting the threatened interests.

"4. The court must weigh the competing interests of the proponent of closure and the public.

"5. The order must be no broader in its application or duration than necessary to serve its purpose."

*Bone-Club*, 128 Wn.2d at 258-59 (alteration in original) (quoting *Allied Daily Newspapers v. Eikenberry*, 121 Wn.2d 205, 210-11, 848 P.2d 1258 (1993)). Before a court addresses the *Bone-Club* factors a closure must be contemplated or requested.

¶8 Here, the record does not show a closure was contemplated or requested. Even assuming a closure, a defendant does not have a constitutional right to have the public present for in-chambers or bench conferences where the court and counsel address legal matters, those not requiring the resolution of disputed facts. *State v. Rivera*, 108 Wn. App. 645, 653, 32 P.3d 292 (2001). In *State v. Sadler*, 147 Wn. App. 97, 114, 193 P.3d 1108 (2008), Division Two of this court recognized the public trial right applies to evidentiary phases of the trial as well as other "adversary proceedings," including suppression hearings during voir dire and during the jury selection process. *Rivera*, 108 Wn. App. at 652-53. But, the court reasoned, "A defendant does not . . . have a right to a public hearing on purely ministerial or legal issues that do not require the resolution of disputed facts." *Sadler*, 147 Wn. App. at 114 (citing *Rivera*, 108 Wn. App. at 653). Relying on *Sadler*, Division Two held an in-chambers conference in response to a jury question that did not require a public hearing. *State v. Sublett*, 156 Wn. App. 160, 181, 231 P.3d 231 (2010).

¶9  Mr. Castro argues his motions are distinguishable from *Sublett* and *Rivera* because his motions "dealt exclusively with issues related to trial, including the State's witnesses and the admissibility of evidence." Br. of Appellant at 5. But Mr. Castro fails to explain why dealing with "issues related to trial" would elevate his motions beyond "purely ministerial or legal." *Sadler*, 147 Wn. App. at 114. The outcome frequently depends on a resolution of factual matters. *See Bone-Club*, 128 Wn.2d at 257, 261-62; *Easterling*, 157 Wn.2d at 174.

¶10  Here, the trial court addressed legal issues during the pretrial hearing: (1) whether to exclude witnesses and (2) whether the State could impeach Mr. Castro with his prior criminal history. Further, the court admonished the State to avoid hearsay and improper opinion. Thus, the matters addressed did not involve any fact finding required to be open to the public. Therefore, the trial court was not required to engage in a *Bone-Club* analysis. Accordingly, the trial court did not violate Mr. Castro's public trial rights in its procedure for resolving his motions in limine.

¶11  Affirmed.

KORSMO, A.C.J., and SIDDOWAY, J., concur.