FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 OCT -7 AM 9: 47

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 66202-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY WHITMAN, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: October 7, 2013 |
| | ) | |

COX, J. – In our first decision, filed on March 12, 2012, we rejected Randy Whitman's claim that the court violated his right to a public trial and affirmed his conviction for felony violation of a no-contact order. In State v. Sublett, decided on November 21, 2012, our supreme court rejected the rule we applied in our first decision and adopted a new test.[1] The supreme court then remanded this matter for reconsideration in light of Sublett.[2] Applying the new test, we affirm.

The facts are set forth in our earlier opinion and need not be repeated here. The parties, at our direction, have submitted supplemental briefing.

---

[1] 176 Wn.2d 58, 72-73, 292 P.3d 715 (2012).

[2] State v. Whitman, 177 Wn.2d 1004, 300 P.3d 340 (2013).

## RIGHT TO PUBLIC TRIAL

Whitman argues that the trial court violated his constitutionally protected right to a public trial when, in chambers, it concluded that his two cases would be consolidated for trial.[3] Because public access plays a minimal role in the functioning of the proceeding at issue, we hold there was no violation of his right to a public trial.

Not every interaction between the court, counsel, and defendant will implicate the right to a public trial, or constitute a closure if closed to the public.[4] No Washington case law addresses whether a trial court's in-chambers conference regarding consolidation of two cases implicates a defendant's public trial right. To decide whether the right attaches to a particular proceeding, the Sublett court adopted the experience and logic test.[5]

"The first part of the test, the experience prong, asks 'whether the place and process have historically been open to the press and general public.'"[6] The second part of the test, the logic prong, "asks 'whether public access plays a significant positive role in the functioning of the particular process in question.'"[7] "If the answer to both is yes, the public trial right attaches and the Waller or

---

[3] Supplemental Brief of Appellant at 2-5.

[4] Sublett, 176 Wn.2d at 71.

[5] Id. at 72-73 (citing Press-Enter. Co. v. Superior Court, 478 U.S. 1, 8-10, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986)).

[6] Id. at 73 (quoting Press, 478 U.S. at 8).

[7] Id. (quoting Press, 478 U.S. at 8).

Bone-Club factors must be considered before the proceeding may be closed to the public."[8] Whitman has the burden of satisfying the experience and logic test.[9]

In Sublett, the supreme court, in a plurality opinion, concluded that the public trial right did not attach to an in-chambers proceeding where the trial court answered a jury question with only counsel present.[10] Under the experience prong, the lead opinion looked to CrR 6.15, which addresses jury instructions.[11] The lead opinion explained that this "rule itself advances and protects those interests underlying the constitutional requirements of open courts with its directive to put the question, answer, and objections [to jury instructions] in the record."[12] "This rule is the only authority we can find governing this process, so, historically, we conclude that a proceeding in open court to discuss the question itself and any appropriate answer has not been required."[13]

Additionally, under the logic prong, the lead opinion concluded that "[n]one of the values served by the public trial right is violated under the facts of this case":

---

[8] Id.

[9] Id. at 75, 78; see also In re Yates, 177 Wn.2d 1, 29, 296 P.3d 872 (2013) ("It is Yates's burden to satisfy the experience and logic test, which he fails to do.").

[10] Sublett, 176 Wn.2d at 70, 77.

[11] Id. at 75-77.

[12] Id. at 77.

[13] Id.

> No witnesses are involved at this stage, no testimony is involved, and no risk of perjury exists. The appearance of fairness is satisfied by having the question, answer, and any objections placed on the record pursuant to CrR 6.15. Similarly, the requirement that the answer be in writing serves to remind the prosecutor and judge of their responsibility because the writing will become part of the public record and subject to public scrutiny and appellate review.[14]

The lead opinion explained that this proceeding was not "so similar to the trial itself," and it concluded that a closure or public trial right violation did not occur.[15]

Here, the in-chambers proceeding addressed whether separate charges with different cause numbers should be joined and tried together.[16] According to the report of proceedings, the attorneys and Whitman were present for this proceeding.[17]

Under the experience prong, it is not clear whether this type of proceeding has been historically conducted in an open courtroom. The State points to RCW 10.37.060 and CrR 4.3.1(a), which gives the trial court discretion to join multiple offenses against a defendant.[18] It argues that "[w]hile the State believes that motions to consolidate are probably generally heard in open court, the court rule permits the court on its own to order consolidation, so the rules contemplate that consolidation can occur without a public hearing."[19]

---

[14] Id.

[15] Id.

[16] Report of Proceedings (Oct. 25, 2010) at 10.

[17] Id.

[18] Supplemental Brief of Respondent at 8-9.

[19] Id. at 9.

In contrast, Whitman cites a supreme court case, State v. Easterling, to support his contention that this type of proceeding has been historically conducted in an open courtroom.[20] There, the court concluded that co-defendant Anthony Jackson's motion to sever his charge from Ricko Easterling's charge should not have been heard in a courtroom closed to Easterling and the public.[21] The court reasoned that the motion "did pertain to, and was part of, Easterling's trial," and it "necessarily impact[ed] the posture and fairness of Easterling's trial."[22] It should be noted that this case was decided before Sublett. Thus, the supreme court did not apply the experience and logic test.

We conclude that neither of these arguments clearly establishes whether this type of proceeding—consideration of a motion to consolidate for trial—has been historically conducted in an open courtroom. But we need not decide that question. That is because under the logic prong, it is clear that public access to this proceeding would have played a minimal role in the functioning of this type of proceeding.

As the State points out, it is unclear how public access would have played a "significant positive role in the actual consolidation motion proceeding, particularly where the matter was addressed in open court" both before and after

---

[20] Supplemental Brief of Appellant at 4 (citing State v. Easterling, 157 Wn.2d 167, 137 P.3d 825 (2006)).

[21] Easterling, 157 Wn.2d at 177-80.

[22] Id. at 179-80.

the in-chambers proceeding.[23] The record reflects that Whitman moved to join the charges in open court.[24] It also shows that the court entered the order joining the charges in open court, following the in-chambers discussion.[25]

Further, similar to Sublett, it appears that "[n]one of the values served by the public trial right is violated under the facts of this case."[26] During this in-chambers proceeding, no witnesses or testimony was involved. Consequently, there was no risk of perjury. Additionally, the appearance of fairness was satisfied because the court reporter was present and transcribed the in-chambers proceeding. Moreover, this transcript became part of the public record and is subject to public scrutiny and appellate review.

For these reasons, we conclude that Whitman has not established that a closure or public trial right violation occurred under the logic prong. Because Whitman fails to establish one of the prongs, the public trial right did not attach to the in-chambers proceeding.[27]

---

[23] Supplemental Brief of Respondent at 9.

[24] Report of Proceedings (Oct. 25, 2011) at 3.

[25] Report of Proceedings (Oct. 26, 2011) at 22.

[26] Sublett, 176 Wn.2d at 77.

[27] Id. at 73.

Whitman contends that the public trial right extends to pretrial proceedings.[28] While the right may extend to many pretrial proceedings,[29] Whitman fails to show why the right attaches to the proceeding at issue in this case. Sublett makes clear that is the proper focus of the inquiry.[30] This argument is not helpful.

Whitman also argues that public access would have played "a significant positive role in the functioning of the particular process in question."[31] He asserts that "[a] motion to consolidate additional counts, in essence, asks the court to admit additional evidence."[32] But, as shown by the proceeding's transcript, the trial court did not admit any evidence during the in-chambers proceeding. Thus, it is unclear how public access would have played a "significant positive role" in this proceeding. For these reasons, this argument is not persuasive.

Finally, Whitman argues that the State bears the burden of proving that the closure of the proceedings comports with constitutional requirements.[33] But,

---

[28] Supplemental Brief of Appellant at 3.

[29] See, e.g., State v. Bone-Club, 128 Wn.2d 254, 257, 906 P.2d 325 (1995) (explaining that the public trial right attaches to a pretrial suppression hearing).

[30] Sublett, 176 Wn.2d at 72-73.

[31] Supplemental Brief of Appellant at 4.

[32] Id. at 5.

[33] Supplemental Brief of Appellant at 1-2.

as noted above, the supreme court has squarely placed the burden on petitioners to satisfy the experience and logic test.[34]

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

---

[34] See Sublett, 176 Wn.2d at 75, 78; In re Yates, 177 Wn.2d at 29.