# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

IN THE MATTER OF THE ) No. 61980-2-I
PERSONAL RESTRAINT OF )
JOHN ALLEN WHITAKER, ) DIVISION ONE
)
) UNPUBLISHED OPINION
)
)
Petitioner. ) FILED: JUN 1 7 2013

PER CURIAM — John Whitaker was convicted in 2004 following a jury trial of

aggravated murder in the first degree and conspiracy to commit murder in the first degree

in Snohomish County Cause No. 02-1-02368-6. He was sentenced to life imprisonment

without the possibility of parole. This court affirmed Whitaker's convictions on appeal.

See No. 54834-4-I. Whitaker filed a personal restraint petition alleging, among other

things, that his right to a public trial was violated when six jurors were individually

questioned in a closed courtroom during voir dire.

The State concedes that recent Washington Supreme Court authority settles the

following issues: (1) jury voir dire is an established proceeding to which the public trial

right applies, and (2) closing the courtroom during voir dire without first conducting a

Bone-Club[1] analysis is a structural error, requiring reversal of a defendant's convictions.

See State v. Paumier, 176 Wn.2d 29, 35-37, 288 P.3d 1126 (2012); State v. Wise, 176

Wn.2d 1, 19-20, 288 P.3d 1113 (2012). The State further concedes that this case is

---

[1] State v. Bone-Club, 128 Wn.2d 254, 906 P.2d 325 (1995).

No. 61980-2-I/2

analogous to In re Pers. Restraint of Morris, 176 Wn.2d 157, 288 P.3d 1140 (2012). In Morris, the trial court privately questioned 14 jurors in chambers without considering the Bone-Club factors. In re Morris, 176 Wn2d at 161-62. In the context of resolving Morris's personal restraint petition, the Supreme Court held that appellate counsel's failure to raise the court closure issue on appeal was both deficient and prejudicial because the error would have been presumed prejudicial on direct review. In re Morris, 176 Wn.2d at 166-68. The State concedes that as in Morris, Whitaker is entitled to a new trial because appellate counsel did not raise the courtroom closure issue on appeal. In re Morris, 176 Wn.2d at 168.

We accept the State's concession, reverse Whitaker's convictions, and remand for a new trial.

_Spearman_, A.C.J.

WE CONCUR:

_Verellen, J._          _Leach, C.J._