# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ) No. 71383-3-I
PERSONAL RESTRAINT OF: )
HECTOR SERANO SALINAS, ) DIVISION ONE
)
Petitioner. ) UNPUBLISHED OPINION
)
) FILED: JUN 1 5 2015

PER CURIAM. In 2010, a jury convicted Hector Salinas of three counts of rape in the first degree. Salinas filed this personal restraint petition contending that appellate counsel was ineffective for failing to raise a public trial claim in his direct appeal. We agree and reverse his convictions.

The State charged Salinas with three counts of rape in the first degree and one count of kidnapping in the first degree. Prior to voir dire, defense counsel proposed a jury questionnaire containing the following language:

> Some of these questions may call for information of a personal nature that you may not want to discuss in public. If you feel that your answer to any question may invade your right to privacy or might be embarrassing to you, you may so indicate on the form that you would prefer to discuss your answer in private.

As the State and defense counsel discussed jury selection, defense counsel suggested the trial court question any jurors who wished to speak privately in chambers prior to general voir dire. The prosecutor inquired regarding the trial court's general practice for individual voir dire. The trial court responded: "I'm

going to ask if there's anybody in the courtroom who has an objection,

otherwise we have to do it in open courtroom." Once the jury pool was present,

the trial court stated:

> Is there anyone in this group or anyone in this courtroom at this time who has any objection whatsoever to the Court conducting a short interview with each of those jurors, potential jurors with counsel and the defendant in my chambers all on the record to determine what their concerns are and be able to have them answer those questions or tell them what their concerns are in private? Is there anyone here that has any objection to that?

The record does not reflect that anyone responded. The trial court excused

jurors who did not wish to speak privately and then stated:

> We have the jurors here that are the ones that I think wish to speak in private. I would ask if anyone has an objection to us speaking to them in private with us and counsel and defendant and the court reporter? Then I will go into chambers. Counsel will come in. The attorneys will come with me. The court reporter will set up, and Ms. Ortner will bring you in one at a time, and we'll talk to you and find out what your concerns are, and we'll take it from there, and if you will all just be patient, we'll do it as quickly as we can.

The record reflects that six jurors were questioned in chambers. The trial court

excused three of the privately questioned jurors for cause.

A jury convicted Salinas as charged. Salinas was sentenced to life in

prison without parole as a persistent offender. Salinas appealed. Appellate

counsel did not raise a public trial claim on direct appeal. In a published opinion,

State v. Salinas, 169 Wn. App. 210, 279 P.3d 917 (2012), this court affirmed

Salinas's convictions but remanded to vacate the kidnapping conviction and

conduct a same criminal conduct analysis. Salinas now files this timely personal

restraint petition.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee a criminal defendant the right to a public trial. State v. Wise, 176 Wn.2d 1, 9, 288 P.3d 1113 (2012). Additionally, article I, section 10 of the Washington Constitution guarantees the public's open access to judicial proceedings. State v. Easterling, 157 Wn.2d 167, 174, 137 P.3d 825 (2006). To protect both rights, certain proceedings must be held in open court unless application of the five-factor test in State v. Bone-Club, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995) supports closure of the courtroom.[1]

It is well established that the public trial right in voir dire proceedings extends to the questioning of individual prospective jurors. Wise, 176 Wn.2d at 16-19. The wrongful deprivation of the public trial right is a structural error presumed to be prejudicial on direct appeal. Wise, 176 Wn.2d at 14.

To establish ineffective assistance of appellate counsel, a petitioner must establish that (1) counsel's performance was deficient and (2) the deficient performance actually prejudiced the defendant. In re Pers. Restraint of Morris, 176 Wn.2d 157, 166, 288 P.3d 1140 (2012). "[W]here appellate counsel fails to raise a public trial right claim, where prejudice would have been presumed on direct review, a petitioner is entitled to relief on collateral review." Morris, 176 Wn.2d at 161.

---

[1] The five factors are: (1) the proponent of closure must make a showing of compelling need, (2) any person present when the motion is made must be given an opportunity to object, (3) the means of curtailing open access must be the least restrictive means available for protecting the threatened interests, (4) the court must weigh the competing interests of the public and of the closure, and (5) the order must be no broader in application or duration than necessary. Bone-Club, 128 Wn.2d at 258-59.

Here, neither party disputes that the trial court closed the courtroom when it privately questioned potential jurors during voir dire in chambers without first conducting a full Bone-Club analysis. Thus Salinas's constitutional right to a public trial was violated. Because this error would have been presumed prejudicial on direct appeal, appellate counsel was ineffective for failing to raise it.

Relying on State v. Momah, 167 Wn.2d 140, 217 P.3d 321 (2009) and In re Pers. Restraint of Copland, 176 Wn. App. 432, 309 P.3d 626 (2013), the State argues that Salinas is not entitled to a new trial despite the closure because he invited the violation by proposing the questionnaire and process for individual questioning. "The basic premise of the invited error doctrine is that a party who sets up an error at trial cannot claim that very action as error on appeal and receive a new trial." In re Pers. Restraint of Coggin, 182 Wn.2d 115, 119, 340 P.3d 810 (2014). But Momah and Copland are distinguishable. In both cases, the trial court fully and effectively considered the Bone-Club factors on the record, even if it did not identify them by name. Momah, 167 Wn.2d at 156; Copland, 176 Wn. App. at 446-450. Here, the trial court recognized the closure issue and asked parties and the public if they objected. However, the trial court did not consider whether a compelling interest demanded closure, did not consider whether questioning jurors in chambers was the least restrictive closure possible, and did not weigh the competing interests of Salinas and the public.

Instead, this case is more similar to Coggin. In Coggin:

> [d]uring jury selection, defense counsel expressed a desire for individual juror questioning due to the publicity and sensitive nature of the case. The prosecutor drafted a juror questionnaire, and defense counsel approved the final version. The questionnaire advised the potential jurors that if they preferred to discuss their answers in private, the court would give them an opportunity to explain their answers in a "closed hearing."

Coggin, 182 Wn.2d at 117. The Washington Supreme Court held that these actions did not rise to the level of invited error. Coggin, 182 Wn.2d at 119.

In the alternative, the State claims Salinas's conduct amounted to a waiver of the public trial right. But waiver of a constitutional right must be knowing, voluntary, and intelligent. State v. Shearer, 181 Wn.2d 564, 571, 334 P.3d 1078 (2014). A court must "indulge every reasonable presumption against waiver of fundamental rights." State v. Frawley, 181 Wn.2d 452, 334 P.3d 1022 (2014). Here the record does not support a conclusion that Salinas waived his public trial right. Defense counsel assented to the private questioning of jurors, but there is no evidence that Salinas was ever advised of his right to a public trial or consented to the private questioning of the jurors.

Finally, the State claims Salinas has failed to show that appellate counsel was ineffective for failing to raise the public trial issue on direct appeal. The State argues that appellate counsel could have reasonably decided not to raise a public trial issue, believing that Salinas was precluded from asserting the issue on appeal. But at the time Salinas filed his direct appeal, the Washington Supreme Court had decided In re Pers. Restraint of Orange, 152 Wn.2d 795, 100 P.3d 291 (2004). Orange "clarified, without qualification, both that Bone-Club applied to jury selection and that closure of voir dire to the

5

public without the requisite analysis was a presumptively prejudicial error on direct appeal." Morris, 176 Wn.2d at 167.

Salinas's personal restraint petition is granted. Salinas's judgment and sentence is reversed and the case is remanded to the superior court for a new trial.

For the court:

_Cox, J._

_Spearman, J._

_Leach, J._