FAIRHURST, C.J. (dissenting)
¶492 I agree with the dissent on the guilt phase issue and would reverse. However, because a majority of the court would affirm the guilt phase, the court must perform its statutory death sentence review. I agree with Justice Gordon McCloud's opinion that the penalty is impermissibly disproportionate under RCW 10.95.130(2)(b).

These numbers are necessarily approximate since the trial reports were not completed in all required cases in 2006.

This number is derived from trial reports filed with our court. Trial judges are statutorily required to submit trial reports to the Washington State Supreme Court "[i]n all cases in which a person is convicted of aggravated first degree murder." RCW 10.95.120.

Davis and Gregory were resentencing proceedings.

State v. Bone-Club, 128 Wash.2d 254, 906 P.2d 325 (1995).

The Supreme Court of the United States has never rejected the possibility of a de minimis closure despite such federal appellate cases recognizing the possibility. See State v. Sublett, 176 Wash.2d 58, 116, 292 P.3d 715 (2012) (Madsen, C.J., concurring).

To reiterate, this is a different inquiry from that presented by the logic prong of the experience and logic test. It is already established that for-cause challenges implicate the public trial right generally. State v. Love, 183 Wash.2d 598, 605, 354 P.3d 841 (2015). Applying the de minimis test, meanwhile, requires us to determine whether the purposes of the public trial right were actually undermined in this particular case.

On the issue of future dangerousness, extensive witness testimony was presented regarding Schierman's conduct in jail while he was awaiting trial, including testimony from two jail witnesses, and family and friends who testified. Also, Eldon Vail, former secretary of the Department of Corrections, testified extensively for the defense specific to the prison security Schierman would face if incarcerated.

"[T]he Eighth and Fourteenth Amendments require that the sentencer ... not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed. 2d 973 (1978) (second emphasis added).