IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WILLIAM O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DI RE, D.D.S., P.S., a Washington corporation, and ANTHONY DI RE, individually,<br><br>Respondents,<br><br>v.<br><br>CHIHULY, INC.; DALE CHIHULY; and LESLIE CHIHULY,<br><br>Appellants. | No. 79235-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — We accepted discretionary review of a trial court's decision to unseal certain mediation submissions of nonparties Chihuly Inc., Dale Chihuly, and Leslie Chihuly (collectively Chihuly) that were attached as exhibits to summary judgment pleadings. Finding no error, we affirm.

FACTS

The events culminating in this appeal began in 2015 when Chihuly terminated the employment of William O'Neill.[1] Two years later, O'Neill filed a tort action against Dr. Anthony Di Re and his dental practice alleging, among

---

[1] Chihuly and O'Neill then mediated and resolved claims related to the termination in a confidential settlement agreement.

Citations and pin cites are based on the Westlaw online version of the cited material.

other things, that Di Re had spread defamatory information about him that led to his termination. Though not a party, Chihuly gave testimony and produced documents in this lawsuit subject to a protective order.

In July 2018, Di Re moved for summary judgment dismissal of O'Neill's claims. Attached as exhibits to that motion were written statements Chihuly and O'Neill submitted in their prior mediation proceeding.[2] He asked the trial court for permission to file the exhibits under seal and informed the court that references to the exhibits in the motion were redacted. Neither O'Neill nor Chihuly objected to such use of their mediation statements, and the trial court provisionally sealed the exhibits. In opposition to summary judgment, O'Neill disclosed the amount Chihuly paid him pursuant to their settlement agreement.[3]

In August, the trial court first ruled on Di Re's summary judgment motion and then revisited its order to seal. After considering argument from Chihuly and the parties, the trial court ordered that except for personal identifying information contained in the mediation statements, all filings related to the summary judgment motion must be unsealed and filed publicly.

In September, Chihuly moved to intervene for the purpose of moving for reconsideration of the order to unseal. The trial court granted the request to

---

[2] The mediation statements were summaries of the parties' respective legal positions and claims submitted prior to, and for the purpose of, mediation. Those statements were identified as exhibits B, D, and Q as attached to the declaration of Di Re's counsel.

[3] A copy of this opposition is not in the record on review.

intervene but denied reconsideration. Chihuly then petitioned for discretionary review, which we granted.[4]

ANALYSIS

Chihuly contends that the trial court abused its discretion by unsealing confidential information it previously filed under seal. We disagree.

*Standard of Review*

"We review a trial court's decision to seal or unseal records for abuse of discretion" but review de novo the determination of the legal standard to be used for sealing or unsealing such records. Rufer v. Abbott Labs., 154 Wn.2d 530, 540, 114 P.3d 1182 (2005). If a court applied an incorrect legal standard, we will remand for application of the correct standard. Rufer, 154 Wn.2d at 540.

*Legal Standards to Seal*

Our state constitution requires that "[j]ustice in all cases shall be administered openly." WASH. CONST. art. I, § 10. This mandate guarantees the public open "access to judicial proceedings and court documents in both civil and criminal cases." Dreilling v. Jain, 151 Wn.2d 900, 908, 93 P.3d 861 (2004).

"In determining whether court records may be sealed from public disclosure, we start with the presumption of openness." Rufer, 154 Wn.2d at 540. The proponent seeking to seal a court record "has the burden of demonstrating the need to do so." Rufer, 154 Wn.2d at 540. And, where no party opposes a closure, as is the case here, "the trial court has an 'independent

---

[4] Di Re filed a respondent's brief stating that he does not oppose the relief sought by Chihuly on this appeal.

obligation to safeguard the open administration of justice. Article 1, section 10 is mandatory.'" Hundtofte v. Encarnacion, 169 Wn. App. 498, 508, 280 P.3d 513 (2012) (quoting State v. Duckett, 141 Wn. App. 797, 804, 173 P.3d 948 (2007)), aff'd, 181 Wn.2d 1, 330 P.3d 168 (2014).

When determining whether to seal a document, the trial court must (1) consider the proponent's interest in sealing the records, (2) allow anyone present the opportunity to object, (3) analyze whether the method of curtailing access is both effective and the least restrictive means, (4) weigh the competing interests of the proponent and the public and consider alternative methods, and (5) enter an order that is no broader in application or duration than is necessary to serve its purpose. Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982) (Ishikawa factors).

A "good cause" standard applies to records that have not become part of the court's decision-making process, but a "compelling interest" standard applies to records that are relevant to the merits of a motion decided by the court. Bennett v. Smith Bundy Berman Britton, PS, 176 Wn.2d 303, 308-12, 291 P.3d 886 (2013).

*Discussion*

Chihuly first argues that the trial court's reference to the Bone-Club[5] factors shows that it focused on the use of Chihuly's confidential information at

---

[5] State v. Bone-Club, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995) (courts apply and weigh the five Bone-Club factors, which are identical to the Ishikawa factors, when determining whether to close a courtroom).

trial, rather than on the relevance of such information to the summary judgment motion.  This argument is not persuasive.

Chihuly concedes that the Ishikawa and Bone-Club factors are identical for purposes of limiting public access to judicial proceedings.  And it is clear that the trial court considered the Bone-Club factors in deciding whether to seal the exhibits attached to Di Re's motion, not for closing the courtroom at trial:

> [S]o the Bone Club factors are the, number one, the point of closure or sealing in the case of documents must make some showing of compelling interest. . . .
>       . . . .
>       . . . [T]he case law is [sic] perfectly supports not disclosing all the confidential discovery information until it's used in the Court. But once it's disclosed and used and considered by the Court, in open court, or, frankly even on a motion, then . . . a different standard applies.

Because the trial court applied the compelling interest standard in deciding whether to keep the exhibits at issue under seal, its use of the Bone-Club factors was sufficient to render any error in not using the Ishikawa factors harmless. See Rufer, 154 Wn.2d at 540 (If the trial court seals or unseals records "based on an improper legal rule, we remand to the trial court to apply the correct rule."). The error, if any, was harmless.

Next, Chihuly argues that the confidential information contained in the sealed exhibits could not have become part of the trial court's decision-making process.  The record does not support this argument.

Contrary to Chihuly's assertion, it is beyond dispute that the mediation statements and settlement amount became part of the trial court's decision-making process.  To begin, Di Re cited to and relied on the mediation statements

5

in 13 of the 22 pages of his summary judgment motion.[6]  During summary judgment oral argument, O'Neill mentioned the amount of his settlement with Chihuly several times in response to Di Re's arguments.  Moreover, in its written order, the trial court expressly noted that it considered the parties' oral arguments and pleadings, inclusive of the sealed exhibits, in reaching its decision.  We found nothing in the record to indicate that the trial court excluded the mediation statements or settlement amount from consideration.

Nevertheless, Chihuly contends that the trial court could not have considered the mediation statements, as a matter of law, because the statements were privileged and inadmissible under the uniform mediation act, chapter 7.07 RCW.  We disagree.

Under the uniform mediation act, "a mediation communication is privileged . . . and is not subject to discovery or admissible in evidence in a proceeding unless waived."  RCW 7.07.030(1).  "A privilege under RCW 7.07.030 may be waived in a record or orally during a proceeding if it is expressly waived by all parties to the mediation."  RCW 7.07.040(1).  Here, Chihuly expressly waived privilege to the mediation statements when they acknowledged disclosing them in discovery and consented to them being filed under seal in connection with Di

---

[6] See CR 26 (h) ("*A party filing discovery materials* on order of the court or *for use in a proceeding* or trial *shall file only those portions upon which the party relies*." (emphasis added)).

Re's motion.[7]  Chihuly also waived use of this information when stating in open

court:

> [O]ur position is that under the circumstances here, *the mediation
> filings that were sealed*, I believe by the defendant, *can be used.
> And the settlement agreement* can be also—*also can be used*, but
> that the financial terms of the settlement agreement should be
> redacted or otherwise kept confidential.

(Emphasis added.)  Accordingly, this argument fails.

Chihuly further argues that the settlement amount was irrelevant to the

trial court's decision-making process.  Again, we disagree.

Relevant evidence is "evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action

more probably or less probable than it would be without the evidence."  ER 401.

Absent certain exceptions, "[a]ll relevant evidence is admissible."  ER 402.  Here,

at the summary judgment hearing, O'Neill offered the settlement amount to argue

that genuine issues of facts remained for trial.  Because the settlement amount

tended to prove facts of consequence to the determination of O'Neill's claims, the

amount was relevant and thus admissible.

Chihuly's remaining argument, which concerns weighing the competing

interests of Chihuly and the public, can be dealt with summarily.  Upon balancing

these interests under the proper standard, the trial court concluded that Chihuly

did not identify a compelling reason to keep the mediation and settlement

information sealed.  There was no abuse of discretion.

---

[7] Although Chihuly disclosed these documents subject to designations of confidentiality, once the documents were filed (even under seal), the documents were subject to being opened to the public.  Rufer, 154 Wn.2d at 550.

Chihuly also appealed the order denying reconsideration but does not offer any analysis or authority in support of reversing that order. Accordingly, we decline to address it. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

We affirm.

_____
Chun, J.

WE CONCUR:

_____       _____
Leach, J.                              Dwyer, J.