IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39859-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| RAMON JUNIOR REYNA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Just before voir dire, the trial court directed the parties to its chamber to discuss dismissal of a venire juror for cause. In chambers, Ramon Reyna's counsel objected that the procedure was a public trial right violation. The trial court threatened to remove defense counsel from the case and, hearing no other objection, dismissed the venire juror for cause. The jury convicted Reyna of two counts of assault.

On appeal, Reyna argues the trial court violated his public trial right. The State disagrees but alternatively argues the violation was de minimis. We conclude that the trial court violated Reyna's public trial right. Also, we decline to apply the de minimis error exception to situations, such as this, where the trial court and the prosecutor failed to uphold a clear constitutional right. We reverse and remand for a new trial.

FACTS

By amended information, the State charged Ramon Reyna with assault in the first degree and assault in the second degree. The charges stemmed from an incident where Reyna allegedly assaulted another incarcerated person. When jail staff sought to restrain Reyna, he allegedly assaulted them as well.

On the first day of trial, as venire jurors and the public waited in the courtroom, the participants were absent. Just before voir dire, the court had called the parties into its chambers. The following discussion occurred:

> [THE COURT:] It has come to my attention that one of the venire states that she was the victim of a misdemeanor crime in Othello District Court. She is too afraid to be in the same room with the defendant. Ordinarily I would have just excused her out of hand, but given the fact that jury selection was about to begin and she was here, I believe that there is at least a theoretical possibility that the defendant could object from excusing her.

Rep. of Proc. (June 27, 2023) (RP) at 21-22. The court asked if either party objected to excusing her, and the following discussion occurred:

> [DEFENSE COUNSEL]: Your Honor, at this point I'm compelled to object to this process all together. Article 1 Section 10 of the Washington State Constitution requires that this be done in open court.
> THE COURT: This is in open court, sir.
> . . . .
> THE COURT: A court reporter is here. The judge is here. It is a different courtroom.
> [DEFENSE COUNSEL]: I'm objecting pursuant to the—

THE COURT: Okay. Well, object. My question is do you wish to excuse this juror who has the potential of poisoning the rest of the panel?

[DEFENSE COUNSEL]: Your Honor, I'm objecting to this process.

THE COURT: Sir, I will remove you as attorney if you do not answer my question.

[DEFENSE COUNSEL]: I'm objecting to this process.

THE COURT: Do you object to excusing this juror?

[DEFENSE COUNSEL]: I'm objecting to this process.

THE COURT: Well, I'm objecting to you, sir.

I am instructing my bailiff to contact that juror and tell her that she is excused.

For the record, I want to make a record that the Court reporter is present. My bailiff is present. The defendant is present. [Both counsel for the State are] present. Mr. Reid is present. And I have two corrections officers present.

RP at 22-23.

After a brief trial, the jury found Reyna guilty of both charges. Reyna timely appealed.

ANALYSIS[1]

PUBLIC TRIAL RIGHT

"Justice in all cases shall be administered openly, and without unnecessary delay." WASH. CONST. art. I, § 10. We review whether the trial court violated the defendant's and/or the public's constitutional right to a public trial de novo. *State v. Easterling*, 157

---

[1] We grant Reyna's unopposed motion for an extension of time to file his reply brief.

Wn.2d 167, 173-74, 137 P.3d 825 (2006).  The presumptive remedy for a public trial

right violation is reversal and remand for a new trial.  *Id.* at 174.

The public trial right attaches to proceedings that have historically occurred in

open court and that implicate the core values underlying that right.  *State v. Sublett*, 176

Wn.2d 58, 72-73, 292 P.3d 715 (2012) (plurality opinion).  These values include ensuring

a fair trial, reminding the prosecutor and judge of their responsibility to the accused and

the importance of their functions, discouraging perjury, promoting confidence in the

judiciary, and providing an outlet for the public's concern, outrage, and hostility.  *State v.*

*Schierman*, 192 Wn.2d 577, 609, 438 P.3d 1063 (2018).  Juror challenges implicate

several of these values.  *Id.*

We evaluate public trial right claims with a three-step framework: (1) whether the

public trial right attaches to the proceeding at issue, (2) whether the courtroom was

closed, and (3) whether the closure was justified.  *State v. Love*, 183 Wn.2d 598, 605, 354

P.3d 841 (2015).  "The appellant carries the burden on the first two steps; the proponent

of the closure carries the third."  *Id.*

*The public trial right attached to the chamber's proceeding*

"Where there is no directly controlling precedent determining whether the public

trial right is implicated by a particular proceeding, we use the experience and logic test."

*State v. Russell*, 183 Wn.2d 720, 730, 357 P.3d 38 (2015).  The experience prong asks

4

whether the place and process have historically been open to the press and the general public. *Sublett*, 176 Wn.2d at 73. The logic prong asks whether public access plays a significant positive role in the functioning of the particular process. *Id.* If the answer to both is yes, then the public trial right attaches. *Id.*

Here, there is controlling precedent. In *Schierman*, after the parties engaged in courtroom voir dire, the trial court announced in open court that it would rule in chambers on a number of hardship and for-cause challenges. 192 Wn.2d at 598-99. Once in chambers, the judge heard arguments from both counsel and ruled on hardship and for-cause challenges. *Id.* at 600.

Although there was a lead opinion, two concurring opinions, and two dissenting opinions, all nine justices agreed that the public trial right attached to for-cause challenges conducted in chambers. 192 Wn.2d at 610 (Gordon McCloud, J., lead opinion), 747 (Madsen, J., concurring), 763 (Stevens, J., dissenting in part (joined by Johnson, J., and Owens, J.)), 764 (Yu, J. concurring in part/dissenting in part (joined by Wiggins, J., and Gonzãlez, J.)), 781 (Fairhurst, J., dissenting).[2] We conclude, as did

---

[2] A majority of justices in an earlier opinion held that it made no difference whether the chambers proceeding was before or during voir dire; substance mattered over form, and having for-cause challenges argued and ruled on in open court was a public trial right. *State v. Slert*, 181 Wn.2d 598, 334 P.3d 1088 (2014) (Gonzãlez, J., lead opinion), 610 (Wiggins, J., concurring in result), 615-18 (Stevens, J., dissenting (joined by Owens, J., Fairhurst, J., and Gordon McCloud, J.)).

*Schierman*, that the public trial right attached to the chamber's discussion of dismissing a venire juror for cause.

*There was a closure*

It is not necessary for the court to be closed for a "closure" to occur. In *State v. Paumier*, 176 Wn.2d 29, 35, 288 P.3d 1126 (2012), the court held that the trial court closed the courtroom when it privately questioned venire jurors in chambers. We similarly conclude that the chamber's proceeding was a closure for purposes of a public trial right analysis.

*The closure was not justified*

There is a strong presumption that courts are to be open at all stages of a trial. *Sublett*, 176 Wn.2d at 70. Nevertheless, that presumption can be overcome if the trial court performs a five-step weighing test, referred to as a "*Bone-Club* analysis:"

> 1. The proponent of closure or sealing must make some showing [of a compelling interest], and where that need is based on a right other than an accused's right to a fair trial, the proponent must show a "serious and imminent threat" to that right.
> 2. Anyone present when the closure motion is made must be given an opportunity to object to the closure.
> 3. The proposed method for curtailing open access must be the least restrictive means available for protecting the threatened interests.
> 4. The court must weigh the competing interests of the proponent of closure and the public.
> 5. The order must be no broader in its application or duration than necessary to serve its purpose.

*State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995) (alteration in original)

(quoting *Allied Daily Newspapers v. Eikenberry*, 121 Wn.2d 205, 210-11, 848 P.2d 1258

(1993)). These factors must be analyzed on the record. *State v. Frawley*, 181 Wn.2d

452, 459, 334 P.3d 1022 (2014); *see also State v. Smith*, 181 Wn.2d 508, 520, 334 P.3d

1049 (2014) ("A closure unaccompanied by a *Bone-Club* analysis on the record will

almost never be considered justified.").

Here, the trial court failed to conduct a *Bone-Club* analysis. We conclude that the

closure was not justified.

*The de minimis error exception*

The Washington Supreme Court long resisted the idea of a de minimis error

exception to a violation of the public trial right. *See, e.g.*, *Easterling*, 157 Wn.2d at 181

("The denial of the constitutional right to a public trial is one of the limited classes of

fundamental rights not subject to harmless error analysis.").

In *Schierman*, a majority of the court adopted a de minimis error exception for

reversing convictions after a public trial right violation. 192 Wn.2d at 614 (Gordon

McCloud, J., lead opinion), 747 (Madsen, J., concurring), 764 (Yu, J., concurring in

part/dissenting in part (joined by and Wiggins, J. and Gonzãlez, J.)). The court stated,

> [T]he de minimis error inquiry asks to what extent the particular closure in question undermined the values furthered by the public trial right. While this inquiry is necessarily case specific, courts applying it have considered the length of and reason for the closure (e.g., whether it was inadvertent); the substance of the close proceedings; and whether that substance was contemporaneously transcribed or timely memorialized in open court.

*Id.* (citations omitted). Here, similar to *Schierman*, the closure was brief but deliberate, did not involve any factual issues, and was contemporaneously transcribed.

Despite the similarities between *Schierman* and this case, there is a case-specific reason that distinguishes it from *Schierman*—one which, if ignored, would undermine an important value furthered by the public trial right. As noted previously, one of the public trial right values is to remind the prosecutor and the judge of the importance of their functions.

In *Schierman*, the public trial right violation occurred in January 2010—two years before our Supreme Court held that the public trial right is violated when courts question jurors in chambers without conducting a *Bone-Club* analysis. *See State v. Wise*, 176 Wn.2d 1, 12, 288 P.3d 1113 (2012); *Paumier*, 176 Wn.2d at 35. Thus, the *Schierman* trial judge and prosecutor had little reason to know that the chamber's voir dire arguments and rulings violated the public trial right.

Here, the public trial right violation occurred in June 2023—11 years after *Wise* and *Paumier*. And here, as opposed to *Schierman*, defense counsel objected to the

8

closure. Both the trial judge and the prosecutor should have known the chambers for-cause discussion violated the public trial right. If there was any doubt, in 2018, *Schierman* clarified the law. And yet, the trial judge threatened to remove defense counsel from the case. Were we to excuse the trial judge's and the prosecutor's lack of knowledge as de minimis error, we would not be adequately reminding both of their important functions, which include upholding established constitutional rights. For this reason, we decline to apply the de minimis error exception.

## CONCLUSION

We conclude that the public trial right attached to the chamber's discussion and ruling excusing a venire juror for cause. There was a closure, it was not justified, and we decline to apply the de minimis exception. We reverse Reyna's convictions and remand for a new trial.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____      _____
Cooney, J.                                Murphy, J.