[No. 25610. Department One. July 8, 1935.]

R. H. BARKER, *Respondent*, v. FRANK E. WEEKS, *Defendant*, ETHEL S. WEEKS, *Appellant.*[1]

*Reuben Lee Crandell*, for appellant.
*Caldwell & Lycette*, for respondent.

[1]Reported in 47 P. (2d) 1.

TOLMAN, J.—By this action, the respondent, as plaintiff, sought recovery for services rendered as a physician and surgeon. By her answer, the defendant Ethel S. Weeks denied practically every fact alleged in the plaintiff's complaint; and by her cross-complaint she pleaded that the plaintiff falsely and fraudulently represented himself to be a duly qualified physician and surgeon, and that he induced her to employ him to treat her children and herself by that false representation, coupled with other false representations regarding the physical condition of the children and herself; that the treatment given was improper, unskillful and wholly injurious, resulting in injury and damages to the persons treated; that, relying upon the false representations, she, during the course of the treatment, paid to the plaintiff $775 on account of services, and that there was no consideration for such payment. She further pleaded damages arising from the treatment to the extent of one thousand dollars, and prayed for judgment in the sum of $1,775 and costs. The allegations of the cross-complaint were all denied.

The cause was tried on these issues to the court, sitting without a jury, resulting in findings of fact favorable to the defendant, from which it appears that the defendant Frank E. Weeks was not served with process, did not appear, and the action as to him was abandoned. The findings continue:

"That plaintiff has failed to establish any or either of the material allegations of his complaint, save and except that he did perform certain medical services for and upon the defendant, Ethel S. Weeks, and upon her three minor children, Alice Weeks, Leigh Kennan Weeks, and Barbara Weeks.

"That the plaintiff, at the time the defendant, Ethel S. Weeks, first consulted him concerning the matter set forth in the pleadings in this case, and on

or about the 9th day of July, 1931, had in his possession a license issued to him in the name of Reuel Roscoe Harold Barker dated July 3, 1918, by the then legally constituted and acting board of medical examiners of the state of Washington, a license to practice medicine and surgery in the state of Washington, which license was regular upon its face and which license had never been revoked; that said license to practice medicine was displayed and exhibited by plaintiff to said defendant, Ethel S. Weeks, at said time.

"'That the only diploma plaintiff ever filed with, exhibited to, or gave evidence of having to the board of medical examiners of the state of Washington, and the diploma upon and because of which said board of medical examiners issued to the plaintiff his said license to practice medicine and surgery in the state of Washington, as aforesaid, was a diploma issued to plaintiff by the College of Osteopathic Physicians and Surgeons of Los Angeles, California, which diploma was dated June 6, 1918, the contents of which diploma is set forth in full in the deposition of plaintiff on file in this case, which diploma was admitted in evidence on the trial in this case; that by said diploma the plaintiff received and was granted by said osteopathic college the degree of doctor of osteopathy. The plaintiff never filed with said board of medical examiners of the state of Washington any diploma issued to him by any legally chartered medical school, or any evidence of having possessed such diploma.

"The minimum requirements prescribed by the Association of American Medical Colleges for the year 1918 for graduates of colleges in the medical course were, among other, as follows:

"(a) For admission to such colleges at least two years' college training in a college approved by the Council of Medical Education.

"(b) A course of study extending over 4 years consisting of 3600 to 4400 hours.

"(c) That 25% of the entire course be devoted to the study of 'materia medica.'

"(d) That 20% of the entire course be devoted to the study of 'practice of medicine.'

"The requirements of the College of Osteopathic Physicians and Surgeons of Los Angeles, from which college plaintiff received his diploma filed with and presented to the Board of Medical Examiners of the State of Washington and upon which diploma plaintiff's license to practice medicine within the state of Washington was issued by said board to plaintiff, in 1918 was 5600 hours of study, during which course of study there was given but 90 hours instruction in 'materia medica' and during which no instruction whatever was given in the 'practice of medicine.' That no pre-college training whatever was required for admission to said osteopathic college.

"The College of Osteopathic Physicians and Surgeons of Los Angeles, California, was in 1918, and always has been a college of osteopathy and not a medical college.

"That when the defendant, Ethel S. Weeks, consulted plaintiff and engaged plaintiff to perform medical services for and upon herself and her children, as aforesaid, to recover for which services this action was commenced by plaintiff, plaintiff represented to said defendant that he was duly and legally licensed to practice medicine in the state of Washington; that the colons of said defendant and those of her two minor children, Alice and Leigh Kennan, were seriously diseased and required immediate and prolonged medical treatment, that such treatment should consist of inserting a rubber tube into and through the entire length of said colons and thereby introducing a medicated solution into said colons, also injecting certain serums and medicines into the bodies of defendant and her said children by means of hypodermic injections; that such treatments were proper and were necessary treatments for said defendant and her said children and would cure the said serious diseased condition of said patients; that without such treatments said defendant and her said children were in great danger of their health and lives; and that the usual and customary charge for the treatments in which the rubber tube was inserted in the colons, as aforesaid, was ten dollars ($10.00) per treatment for

the first two months and thereafter five dollars ($5.00) per treatment.

"That said representations were made by plaintiff to the defendant, Ethel S. Weeks for the purpose of inducing her to employ plaintiff to perform the indicated medical services to and upon her and her said children, for the prices named, and were believed and were relied upon by said defendant, Ethel S. Weeks, who, because thereof, did employ and engage plaintiff to perform said medical services and agreed to pay therefor the said prices above set forth.

"That the colons of said defendant, Ethel S. Weeks, and of her children, and of each and all of them, were fairly normal and healthy at said time and required no medical treatment whatsoever; that the insertion of a long rubber tube, such as plaintiff used in this case, into and through the length of the human colon would produce injurious results only, whether the colon was healthy or diseased, and was not proper treatment in this case; the usual and customary charge for such treatment in Seattle, Washington, and vicinity at said time was three dollars ($3.00) per treatment; that the treatments given by plaintiff to said defendant and her children did not and could not cure any diseased condition or conditions of said patients or of either or any of them; that at said time said defendant and her said children were not, and neither of them were, in great danger or in any danger whatever, of their health or lives, but they were each and all of them then in average fair normal health; that the plaintiff never received any other or different license to practice medicine in the state of Washington than the one hereinbefore referred to and specified; all of the foregoing facts found were at all times known to plaintiff and with the exercise of reasonable care and skill could and would have been known to him, and said representations were made by him as facts and without any regard to the truth or falsity thereof.

"That said defendant and her said children did not, and neither of them did, receive any benefit whatsoever from the treatments given them by plaintiff, as alleged and set forth in the pleadings in this case, or

at all, and said treatments and all of them were wholly unnecessary and improper.

"That the defendant, Ethel S. Weeks, paid to plaintiff the sum of seven hundred seventy-five dollars ($775.00) for and on account of said treatments and thereafter and upon being, for the first time, advised of the wrong diagnosis and unnecessary and improper treatments made and given by plaintiff to and upon herself and her minor children, as aforesaid, and of the improper charges made therefor, and of the lack of qualifications and legally issued license of plaintiff to practice medicine in the state of Washington, said defendant demand of plaintiff, before the commencement of this suit, the return of said seven hundred seventy-five dollars ($775.00) theretofore paid by her to plaintiff, as aforesaid, which demand was refused by the plaintiff and no part of said sum has been returned to said defendant and plaintiff has retained and still retains the whole thereof."

From these findings the following conclusions were drawn:

"That plaintiff's license to practice medicine was illegally issued in violation of the laws of the state of Washington and plaintiff was not legally licensed to practice medicine in the state of Washington, when he contracted with the defendant, Ethel S. Weeks, to perform the medical services set forth in the pleadings in this case and plaintiff has not since been and he is not now legally licensed to practice medicine in the state of Washington.

"That plaintiff was guilty of misrepresentations to the defendant, Ethel S. Weeks, upon which the contract for medical services between plaintiff and said defendant was founded and said contract and agreement to pay for said services was without consideration as to said defendant.

"That plaintiff is entitled to recover nothing of and from the defendant, Ethel S. Weeks, in this action and his complaint should be dismissed.

"That the defendant, Ethel S. Weeks, is entitled to recover nothing of and from the plaintiff on her af-

firmative defense and cross-complaint and same should be dismissed.

"That neither party should recover costs herein."

No statement of facts is brought up, and the case is here on the findings alone, the appellant contending that the facts found entitled her to a judgment for $775 and costs.

Respondent's position, as disclosed by brief and argument, is that, without a statement of facts, this court cannot and will not disturb the judgment of dismissal as to both parties upon what he contends are incomplete, contradictory and unsatisfactory findings. It is because of this contention that we have felt it necessary to quote fully all of the material findings.

Respondent also contends that, this being a collateral attack upon his license to practice medicine and surgery, the trial court erred grievously in entertaining it, citing *State ex rel. Jordan v. Department of Licenses,* 130 Wash. 82, 226 Pac. 275, and *State ex rel. Brown v. Board of Dental Examiners,* 38 Wash. 325, 80 Pac. 544.

Assuming, without deciding, that this is a collateral attack and that a license to practice medicine and surgery may only be impeached by a direct attack, we, for present purposes, disregard wholly all of the findings and conclusions made by the trial court upon that subject; but still we think there is left complete, consistent and satisfactory findings which call for a conclusion that the appellant is entitled to recover on her cross-complaint.

Of course, the finding that the treatment was not beneficial to the patients is immaterial, because the law does not require a physician to guarantee results; but disregarding all such immaterial and unnecessary findings, we still have left complete, consistent and satisfactory findings to the effect that the respondent

falsely and fraudulently misrepresented the physical condition of the appellant and her children for the purpose of securing the employment; that the appellant relied upon those misrepresentations and, so relying, did employ and pay him, or, in other words, that the money was obtained by false representations. Since fraud vitiates every contract which may be based upon it, the conclusion follows that money obtained by false and fraudulent representations may be recovered.

But it is argued that the money paid was the property of the community composed of Frank E. Weeks and Ethel S. Weeks, and that the wife alone may not sue to recover community property. The trouble with this argument is that there is nothing in the record to support it. There is no allegation either in the complaint or in any other pleading that Frank E. and Ethel S. Weeks were or ever had been husband and wife, nor is there any finding to that effect. The mere fact that, in the title to the complaint, the defendants are described as husband and wife, means nothing. The title of a pleading presents no issue.

Not even to support the judgment can we assume a fact which was not alleged, admitted or found to exist, or is not to be inferred from other facts found.

The rule upon which the respondent relies is well stated as follows:

"On a partial or incomplete record, the appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the ruling or decision complained of; but it will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent." 4 C. J. 736.

Had the complaint alleged a marital status and had the findings been silent on the subject, we might, perhaps, hold that the findings were incomplete, but

where, as here, the marital status is not tendered as an issue, there is no place for a finding on that subject, and a failure to find thereon does not make the finding incomplete or partial. The record presents no basis for the presumption that Frank E. Weeks and Ethel S. Weeks were husband and wife at the time of this transaction, or at any other time. The findings as made cover every issue which was before the trial court, and they are therefore complete.

We conclude that the appellant was entitled to a judgment for $775 and her costs.

Reversed and remanded, with directions to enter judgment as indicated.

MAIN, GERAGHTY, STEINERT, and BEALS, JJ., concur.