FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 OCT -8 AM 9: 27

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76618-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SHACON FONTANE BARBEE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 8, 2018 |
| | ) | |

MANN, A.C.J. — Shacon Barbee appeals the trial court's restitution order and argues that, in issuing the order, the trial court exceeded its statutory authority. RCW 9.94A.753(1) provides the court the authority to order a defendant to pay restitution within 180 days of the sentencing hearing. Barbee asserts that the trial court exceeded its statutory authority by issuing a restitution order more than 180 days from the initial sentencing hearing.

Further, Barbee asserts that the trial court's restitution order violated his due process rights by failing to provide sufficient notice and an opportunity to object and by denying his right to be present at a restitution hearing. The record, however, establishes that Barbee was afforded sufficient notice of the restitution order and an

opportunity to object. Further, the record shows that Barbee's counsel agreed to the restitution order and did not request a hearing.

We affirm.

## FACTS

On June 18, 2013, a jury convicted Barbee of two counts of promoting commercial sex abuse of a minor, two counts of promoting prostitution in the second degree, three counts of first degree theft, and one count of leading organized crime. On November 15, 2013, the trial court sentenced Barbee to an exceptional sentence of 420 months. On May 7, 2014, the court ordered Barbee to pay restitution of $15,078 to the Social Security Administration. On appeal, the Supreme Court affirmed Barbee's convictions but remanded the case back to the trial court to fix a sentencing error on the first count of promoting commercial sex abuse of a minor. See State v. Barbee, 187 Wn.2d 375, 386 P.3d 729 (2017).

On March 22, 2017, the trial court resentenced Barbee to an exceptional sentence of 120 months to run concurrently with his other convictions. 84 days later, on June 14, 2017, the trial court signed a second restitution order retaining the initial $15,078.00 owed to the Social Security Administration and adding an additional $4,150.09 to the Health Care Authority.

## ANALYSIS

### RCW 9.94A.753

Barbee's contention that the trial court exceeded its statutory authority is a question of statutory interpretation. "The authority to impose restitution is not an inherent power of the court, but is derived from statutes." State v. Davison, 116 Wn.2d

-2-

917, 919, 809 P.2d 1374 (1991). This court reviews questions of statutory interpretation de novo. State v. Breazeale, 144 Wn.2d 829, 837, 31 P.3d 1155 (2001).

The primary objective of the reviewing court is to "ascertain and carry out the legislature's intent." Dep't of Ecology v. Campbell & Gwinn, LLC., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The first step in determining the legislature's intent is to review the plain meaning of the statute. "Plain meaning is to be discerned from the ordinary meaning of the language at issue, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." State v. Gray, 174 Wn.2d 920, 927, 280 P.3d 1110 (2012) (citing State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)). If, after reviewing the plain meaning of the statute, the statute is unambiguous, then the "court's inquiry is at an end." State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

RCW 9.94A.753 provides that "[w]hen restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days." Barbee argues that the language of the restitution statute indicates that the trial court exceeded its statutory authority by issuing the 2017 restitution order. Barbee contends that the 180 day limit began to run on November 15, 2013, the initial sentencing, and therefore the 2017 restitution order far exceeded the 180 day limit. RCW 9.94A.753 is not so limited.

Barbee asks this court to rewrite the statute by inserting the word "initial" before the term "sentencing hearing," so that the 180 day deadline would run after the 2013 sentencing hearing but not after the 2017 sentencing hearing. The plain language of

RCW 9.94A.753(1), however, provides that the triggering event for the 180 day limit is "the sentencing hearing," not "the initial sentencing hearing" as Barbee desires.

Barbee also argues that because the Supreme Court remanded his case for resentencing on only one count, the trial court exceeded its authority by revisiting the restitution issue. Citing State v. Collicott, 118 Wn.2d 649, 660, 827 P.2d 263 (1992), Barbee asserts that the trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate. Collicott, a collateral estoppel case, does not stand for that proposition. But even if we were to assume that the trial court was unable to resentence Barbee on any other count that does not mean that the court was unable to issue a second restitution order. The trial court's authority to enter a restitution order emanates from the restitution statute, not from the reviewing court. Gray, 174 Wn.2d at 924 (emphasis added) ("A court's authority to order restitution is derived solely from statute."). Therefore, it is RCW 9.94A.753 that defines the extent of the trial court's authority and not the Supreme Court's opinion in Barbee. Barbee 187 Wn.2d at 375.

The plain language of RCW 9.94A.753(1) provides that the trial court has the authority to issue a restitution order up to 180 days after the sentencing hearing. The statute does not limit the trial court's authority to only 180 days after the initial sentencing hearing. RCW 9.94A.753(1) applies just as much to a sentencing hearing on remand as it does to the initial sentencing hearing after trial. Here, the trial court issued a restitution order 84 days after the sentencing hearing. As such, the trial court acted within its statutory authorization.

*Due Process*

Next, Barbee argues that the trial court violated his due process rights by ordering restitution without providing him advanced notice and an opportunity to object. Barbee also asserts that the trial court's failure to allow him to be present at the restitution hearing further violated his due process rights. We disagree.

It is undisputed that the trial court must provide the defendant with notice of a pending restitution order and the right to object, and that if a restitution hearing is held, the defendant has a right to be present at that hearing. See State v. Saunders, 132 Wn. App. 592, 132 P.3d 743 (2006); State v. Burmaster, 96 Wn. App. 36, 979 P.2d 442 (1999). Barbee asks this court to go a step further and presume that he was not afforded sufficient advanced notice of the State's intent to seek a new restitution order because he asserts that the record is unclear. But, as the Supreme Court counseled, a reviewing court "will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent." State v. Jasper, 174 Wn.2d 96, 123-24, 271 P.3d 876 (2012) (citing Barker v. Weeks, 182 Wn.2d 384, 391, 47 P.2d 1 (1935)).

The record here is not silent. The trial court provided Barbee with sufficient notice of the pending restitution order and was given the opportunity to object. First, on June 1, 2017, Restitution Investigator Christie Cano of the King County Prosecutor's Office Victim Assistance Unit mailed a restitution packet to defense counsel. Included in the cover letter of the restitution packet was the statement "Please review, sign, and return the Order Setting Restitution to me by June 19, 2017. If I do not hear from you by that date, I will automatically set a restitution hearing." Second, in its 2017 resentencing

order, the trial court checked the box indicating that "Defendant shall pay restitution in an amount to be determined." Finally, the order setting restitution is signed by defense counsel under the notation "copy received; Notice Presentation waived."

Accordingly, the record sufficiently establishes that Barbee was given advanced notice of the proposed second restitution order and ample opportunity to object. In fact, if Barbee simply ignored the restitution packet, investigator Cano would have scheduled a restitution hearing. Instead, Barbee's attorney signed and returned the restitution order to the court.

Finally, we reject Barbee's argument that the trial court denied him the right to due process by failing to allow him to be present at the restitution hearing when no such hearing was held. Barbee did not object to the proposed restitution order and did not request a hearing. Accordingly, the trial court did not violate his due process rights. Barbee did not have a right to be present at a hearing that did not take place.

We affirm.

_Mann, ACJ._

WE CONCUR:

_Andrus, J._          _Becker, J._

-6-