# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Personal Restraint Petition of:

DUNG HOANG LE,

          Appellant.

DIVISION ONE

No. 82396-5-I

UNPUBLISHED OPINION

DWYER, J. — In 1993, a jury convicted Dung Hoang Le of both murder in the first degree and the inferior degree offense of murder in the second degree. More than 25 years later, in a personal restraint petition (PRP), Le argued that the trial court's entry of judgment on the inferior degree offense conviction violated his right to be free of double jeopardy. We agreed, and remanded the matter to the trial court to vacate the conviction of murder in the second degree and to strike any reference to it from both Le's judgment and sentence and the trial court's findings of fact and conclusions of law. The findings and conclusions had been entered in support of the sentencing court's imposition of an exceptional sentence.

Le now appeals from the trial court's order vacating the conviction of murder in the second degree. According to Le (1) the trial court failed to comply with our directions on remand, (2) a change in the law entitles him to a

resentencing hearing so that his youth may be considered, and (3) his right to a public trial was violated. Finding no entitlement to relief, we affirm.

I

In 1993, Dung Hoang Le was convicted of the murder of Mayme Lui and the extortion of her family.[1] The jury convicted Le of both first degree felony murder, predicated on the commission of burglary and robbery, and murder in the second degree. Le's standard sentencing range was 261-347 months. The sentencing court imposed an exceptional sentence of 820 months after finding that the victim was particularly vulnerable and that the attack on Lui manifested deliberate cruelty to the victim.

In January 2020, we considered Le's PRP asserting that the inclusion of the alternative conviction violated his right to be free of double jeopardy. See In re Pers. Restraint of Le, No. 78242-8-I, slip op. at 1-3 (Wash. Ct. App. Jan. 21, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/782428.pdf (Le II). The State conceded the double jeopardy violation and we accepted the State's concession. Le II, No. 78242-8-I, slip op. at 3. However, we rejected Le's argument that the double jeopardy violation required resentencing. We explained that

> [h]ere, while the trial court noted in both the Judgment and Sentence and [findings of fact and conclusions of law on imposition of an exceptional sentence (FFCL)] that the jury convicted Le of first degree felony murder and second degree intentional murder, the record clearly indicates that the court would have imposed the same sentence had it not included Le's intentional murder

---

[1] The underlying facts of Le's 1992 crime appear in our unpublished opinion resolving his direct appeal, State v. Le, noted at 82 Wn. App. 1010, 1996 WL 312492 (Le I).

conviction in the Judgment and Sentence. In the FFCL, the court never discussed the [second degree] intentional murder conviction as a justification for the exceptional sentence. Instead, the FFCL provides that the aggravating factors of particular vulnerability of the victim and deliberate cruelty supported the exceptional sentence. See Le I, 1996 WL 312492, at *2 ("The trial court's reasons for the imposition of the exceptional sentence were (1) the particular vulnerability of the victim and (2) deliberate cruelty to the victim."). The majority of the factual findings focus on the facts that demonstrated the particular vulnerability of Lui, and the deliberate cruelty of Le's crime. These factors alone may justify an exceptional sentence. Because vacating Le's alternative conviction does not change these underlying facts, the court would have considered them as aggravating factors when imposing an exceptional sentence even if Le's intentional murder conviction had not been in his Judgment and Sentence.

For these reasons, we decline to remand for resentencing.

Le II, No. 78242-8-I, slip op. at 5-6 (footnotes omitted).

On remand, the trial court ordered that the conviction for murder in the second degree be vacated and any reference to it stricken from Le's judgment and sentence and the findings of fact and conclusions of law entered to support imposition of the exceptional sentence.

Le appeals.

II

Le first contends that the trial court on remand did not comply with our directions when it vacated the conviction of murder in the second degree and ordered stricken any references to it in either Le's judgment and sentence or the findings of fact and conclusions of law entered to support imposition of the exceptional sentence. This is so, according to Le, because the court order did

3

not "decide which findings and conclusions it had to strike or whether the remaining findings will still support the sentence."[2]  We disagree.

We remanded the matter to the trial court "to vacate the second degree intentional murder conviction and strike any reference to it in Le's Judgment and Sentence and the FFCL."  Le II, No. 78242-8-I, slip op. at 3.

The trial court ordered

> that the conviction for MURDER IN THE SECOND DEGREE ONLY is vacated consistent with the Court of Appeals mandate issued on August 14, 2020.  Any reference to the Murder in the second degree conviction shall be stricken from the Judgment and Sentence and the Finding[s] of Fact and Conclusions of Law on Imposition of Exceptional Sentence.

This is entirely consistent with our instructions.  Furthermore, Le's assertion that he had no opportunity to argue as to which findings contained references is not consistent with the record.  Le had such an opportunity at the hearing and did not do so.  Rather, Le's counsel stated that he was "signing off on the proposed orders with no changes—as provided by [the prosecutor] and submitting those to the Court."

We previously denied Le's request for resentencing.  We remanded this cause to the trial court for the limited purpose of vacating a conviction and removing references to it from both Le's judgment and sentence and the findings of fact and conclusions of law entered to support imposition of the exceptional sentence.  The trial court did not err by hewing closely to our instructions.

---

[2] Br. of Appellant at 24.

III

Le next requests that we "reevaluate"[3] our previous decision denying his request for resentencing so that the trial court may consider his youth at the time of his offense,[4] following our Supreme Court's decision in In re Pers. Restraint of Monschke, 197 Wn.2d 305, 482 P.3d 276 (2021). We decline to do so. Despite Le's contention to the contrary, Le's youth at the time of the offense was not raised—or even mentioned—in his PRP. Accordingly, any legal significance of Le's youth in light of intervening case law is not properly before us. See In re Pers. Restraint of Khan, 184 Wn.2d 679, 690 n.4, 363 P.3d 577 (2015).

IV

Finally, Le contends that his right to a public trial was violated. This is so, according to Le, because the telephonic proceeding on remand constituted an improper court closure. As the proceeding took place in open court, we disagree.

The state and federal constitutions guarantee the right to a public trial. Article I, section 22 of the Washington Constitution provides: "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial." The Sixth Amendment to the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a public trial is not absolute, as a courtroom may be closed to the public if the trial court justifies the closure by conducting an on-the-record balancing of several factors enumerated in State v. Bone–Club, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995). A defendant asserting violation of his public trial rights must

---

[3] Br. of Appellant at 29.
[4] Le was 19 years old at the time of the offense.

show that a closure occurred. State v. Njonge, 181 Wn.2d 546, 556, 334 P.3d 1068 (2014). We "'will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent.'" State v. Jasper, 174 Wn.2d 96, 124, 271 P.3d 876 (2012) (quoting Barker v. Weeks, 182 Wash. 384, 391, 47 P.2d 1 (1935)).

Le asserts that the "proceedings were not broadcast or otherwise available to the public."[5]  Although Le, his counsel, and the prosecutor appeared telephonically, the minutes reflect that a judge and a court clerk were present in the courtroom.  There is nothing in the record indicating that the courtroom was closed to the public or that there was no broadcast.  Furthermore, the resulting order vacating the conviction, signed by Le's counsel, states that it was "DONE IN OPEN COURT."  Le thus fails to demonstrate that a closure necessitating a Bone-Club analysis occurred.

Affirmed.

_____

WE CONCUR:

_____    _____

---

[5] Br. of Appellant at 39.